PEOPLE *v.* ROMANSKI.

1. BRIBERY—PUBLIC OFFICERS—CRIMINAL LAW—STATUTES.
   3 Comp. Laws 1915, § 14992, provides a penalty for a corrupt omission by an officer to perform a manifest duty imposed by law, while section 14979 aims to punish a corrupt exercise of official power by officers who have some discretion or vote to exercise.

2. SAME—CONSTABLES—OMISSION OF DUTY.
   Constables charged with corruptly receiving a bribe under an understanding and agreement that they would refrain from making a complaint which it was their duty to make and under which agreement they released the arrested parties, should be prosecuted under 3 Comp. Laws 1915, § 14992, rather than under section 14979.

3. SAME—CONVICTION UNDER WRONG STATUTE—DISCHARGE.
　　Constables wrongly prosecuted and convicted under 3
　　Comp. Laws 1915, § 14979, could not be sentenced under
　　section 14992, since the record does not present a case of
　　a crime embracing different degrees nor of statutes *in
　　pari materia*, but a case of distinct and dissimilar
　　statutes, and defendants should therefore be discharged.

Error to recorder's court of Detroit; Keidan,
(Harry B.), J. Submitted January 13, 1921.
(Docket No. 118.) Decided March 30, 1921.

Leo Romanski and Frank Bartell were convicted of
receiving a bribe, and were sentenced to imprisonment
for not less than 2 nor more than ten years in the
State prison at Jackson. Reversed, and defendants
discharged.

*Maurice E. Fitz-Gerald, James A. Murtha,* and
*Eugene Mistersky* (*Hollis Harshman,* of counsel), for
appellants.

*Merlin Wylie,* Attorney General, *Paul W. Voorhies,*
Prosecuting Attorney (*Collins B. Scott,* of counsel),
for the people.

STONE, J. The defendants were, at the time of the
alleged commission of the offense charged in the in-
formation, and at the time of the trial, constables in
and for the city of Detroit, and were acting as such
officers at the time of the doing of the acts upon which
the charge against them is based. The evidence on
the part of the people tended to show that on March
23, 1920, both defendants, acting together, went to
the home of one Lucas in the city of Detroit, and
gaining admission, showed their badges, announced
that they were officers, and proceeded to search the
house for whisky. They accused Lucas of making
whisky, arrested him and another man named Peto,

who was a boarder in the house, and put handcuffs on them; that after some little delay the defendants received $50 from Mrs. Lucas for the release of the two men from arrest; that the defendants asked $200 for the release, but received only $50 and were to return in 30 days for the balance; and that they left the house immediately after receiving the money and made no complaint against Lucas. The information filed in the recorder's court against defendants charged that it was the duty of defendants as constables to arrest for the violation of a certain law, and to make complaint therefor; that defendants as constables did arrest certain persons for violation of such law, and that it was their duty to make complaint therefor; that defendants disregarded such duties and corruptly received and accepted a sum of money under an agreement and understanding that they, as such constables, would release the arrested persons, and would not make complaint against them, as it was defendants' duty as constables to do; and that under such agreement defendants released said persons from the arrest under which they had been placed and did not make complaint against them.

Upon the trial and at the close of the testimony for the people, the defendants moved for a directed verdict of not guilty, upon the ground that the prosecution should have been under section 14992 instead of under section 14979, 3 Comp. Laws 1915. The motion was overruled, and the trial court charged the jury that the facts charged in the information would, if proven, support a conviction under section 14979. The defendants were found guilty by the jury, and were sentenced under the provisions of said section 14979 to be confined in the State prison at Jackson, Michigan, for a period of not less than 2 or more than 10 years, with a recommendation that they be confined for a period of 2 years. It will be noted that the

sentence was for a longer term of imprisonment than could be given under section 14992.

The defendants have brought the case here on writ of error, and the principal error relied upon is that there was error in prosecuting, charging the jury, and in convicting and sentencing the defendants under section 14979 instead of under section 14992. The two sections involved have been upon the statute books of this State, unchanged, since the Revised Statutes of 1838. They read as follows:

"SECTION 14979: Every executive, legislative or judicial officer who shall corruptly accept any gift or gratuity, or any promise to make any gift, or to do any act beneficial to such officer, under an agreement, or with an understanding that his vote, opinion or judgment shall be given in any particular manner, or upon a particular side of any question, cause or proceeding, which is or may be by law brought before him in his official capacity, or that in such capacity, he shall make any particular nomination or appointment, shall forfeit his office, and be forever disqualified to hold any public office, trust or appointment under the Constitution or laws of this State, and shall be punished by imprisonment in the State prison not more than ten years, or by fine not exceeding five thousand dollars, and imprisonment in the county jail not more than one year."

"SECTION 14992: If any sheriff, coroner, constable, or other officer authorized to serve legal process, shall receive from a defendant, or from any other person, any money or other valuable thing, as a consideration, reward or inducement, for omitting or delaying to arrest any defendant, or to carry him before a magistrate, or for delaying to take any person to prison, or for postponing the sale of any property under an execution, or for omitting or delaying to perform any duty pertaining to his office, he shall be punished by imprisonment in the county jail not more than six months, or by fine not exceeding five hundred dollars."

An examination of the numerous cases in this

court cited in the note to section 14979 will show that they relate to violations of law by prosecuting attorneys, city attorneys, and members of various boards such as boards of education, water commissioners, etc.—officers that have some discretion or vote to exercise.

Conceding defendants to have been executive officers, and that they accepted a bribe to let their prisoner go, brings us to the question of whether such bribe can be said to have reached or influenced their "vote, opinion or judgment in any particular manner, or upon a particular side of any question, cause or proceeding, which could be by law brought before them in their official capacity." This question admits of none but a negative answer. In the matter at bar defendants had no question, cause or proceeding before them upon which they could vote, or express an official opinion; or exercise official judgment at all, because no question, cause or proceeding, within the meaning of this statute was or could be by law brought before them in their official capacity. This statute was enacted to preserve the integrity of official action in cases where the right of an official to vote, or to decide by his opinion, or exercise his judgment in any manner upon any question, cause or proceeding, is given his office by law. It would stretch the plain import of the statute too far to make it reach constables who accept money to let their prisoner go. The legislature, evidently considering that such statute would not reach a case like the one presented by this record, at the same time enacted section 14992.

Under this last-mentioned statute a penalty is provided for a corrupt omission by an officer to perform a manifest duty imposed by law. In the one statute a corrupt exercise of official power is reached, while in the other a corrupt omission to perform a

manifest duty is punished; and the statutes are not *in pari materia* and therefore their penalties are unlike. One statute reaches acts of commission by officials, induced by bribery; the other reaches acts of omission of duty by designated officials, including constables, induced by bribery. Both statutes cover corrupt official betrayal of duty and both are necessary within the fields they cover; the one to punish the corrupt omission of acts, bearing ostensibly official verity, but in fact induced by a bribed betrayal of official power; the other to punish the corrupt and bribed failure to perform a law-imposed duty. In the one instance an official discretion or power, exercised by way of vote, opinion or judgment is involved, while in the other no power of official discretion, opinion or judgment whatever is involved. To convict under the one statute and sentence under the other would be to sentence for a crime of which defendants have not been charged, examined, tried or convicted, and not falling as one of degree within the one charged. Defendants under the evidence should not have been convicted of the crime charged, and such conviction, therefore, cannot be accepted as warrant for sentencing them under another statute which fits the claimed facts but under which they have not been informed against, tried or convicted.

An examination of the authorities cited by counsel upon both sides has satisfied us that the defendants were charged, tried, convicted and sentenced under the wrong statute, and that the proceeding amounted to a mistrial. It is suggested by the brief of the attorney general that if the contention of defendants is correct they should not be discharged, but that they should be sentenced under the provisions of section 14992, and the case of *People* v. *Daily,* 178 Mich. 354, is cited. That case refers to *People* v.

*Farrell*, 146 Mich. 264. Those cases differ in principle from the instant case. This record does not present a case of a crime embracing different degrees, nor of statutes *in pari materia*, but a case of distinct and dissimilar statutes. In our opinion the case more nearly resembles the case of *People* v. *Day*, 185 Mich. 68, where the defendant was prosecuted and convicted under a wrong statute, and we reversed the conviction and discharged the defendant. A new prosecution followed, but again under a wrong statute. (See *People* v. *Day*, 200 Mich. 636.) We again reversed the case and discharged the defendant. We think that course should be followed here.

The judgment of the court below is reversed and set aside and the defendants discharged.

STEERE, C. J., and MOORE, WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.