PEOPLE *v.* McDONALD.

BRIBERY—CRIMINAL LAW—PUBLIC OFFICERS—STATUTES.

A conviction of receiving a bribe, in a prosecution under 3 Comp. Laws 1915, § 14979, where the prosecution should have been under 3 Comp. Laws 1915, § 14992, must be set aside, on error, and defendant discharged, the case being controlled by *People* v. *Romanski*, 213 Mich. 636.

Error to recorder's court of Detroit; Heston (William M.), J.   Submitted October 13, 1921.   (Docket No. 178.)   Decided November 3, 1921.

Charles McDonald was convicted of receiving a bribe, and sentenced to imprisonment for not less than 2 nor more than 10 years in the State prison at Jackson.   Reversed, and defendant discharged.

*Coy M. Kent* and *Ralph H. Hayes*, for appellant.

FELLOWS, J.   Defendant was a police officer of the metropolitan police department of the city of Detroit. He was convicted of a violation of section 14979, 3 Comp. Laws 1915.   The testimony tended to show that he accepted a bribe given to prevent the institution by him of a criminal prosecution.   In the recent case of *People* v. *Romanski*, 213 Mich 636, where the facts were substantially the same as those disclosed by this record, we held that the prosecution should have been under section 14992, 3 Comp. Laws 1915, and that it could not be maintained under section 14979, and we there reversed the conviction and discharged the defendant.   Upon the hearing of this case in this court the prosecuting attorney conceded that the instant case was controlled by that case and confessed error.   In this the prosecuting attorney was right. The *Romanski Case* is decisive of this case.

The conviction will be set aside and the defendant discharged.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.