PEOPLE v THOMAS

Docket No. 88094. Argued December 5, 1990 (Calendar No. 7). Decided September 9, 1991.

James Lee Thomas was charged in the Oakland Circuit Court with forgery, uttering and publishing, and obstruction of justice. The court, Hilda R. Gage, J., granted the defendant's motion to quash the charges, but remanded the case to the district court for trial of an added misdemeanor charge of wilful failure to uphold the law as a result of making a false statement in a police report in support of an arrest warrant. The Court of Appeals, McDONALD, P.J., and HOOD and GRIFFIN, JJ., affirmed, quashing the charge of common-law obstruction of justice on the ground that it was precluded by the statutory offense of wilful failure to uphold the law (Docket No. 117374). The people appeal.

In an opinion by Chief Justice CAVANAGH, joined by Justices LEVIN, BRICKLEY, and GRIFFIN, the Supreme Court held:

On the basis of the facts in this case, there is no ground in the common law for a charge of obstruction of justice. MCL 752.11; MSA 28.746(101), failure to uphold the law, does not preclude the charge of common-law obstruction of justice; the charge of common-law obstruction of justice is not a single offense but many offenses, none of which encompasses the defendant's conduct.

1. A district court's decision to bind over a defendant generally is subject to review for abuse of discretion. In this case, the circuit court's quashing of the obstruction of justice charge on the legal ground asserted is subject to review for error.

2. MCL 750.505; MSA 28.773, obstruction of justice, provides that any person who commits an indictable offense at common law, for which no provision of punishment is expressly made by any statute, is guilty of a felony. However, when a charge sets forth all the elements of a statutory offense, a conviction under the statute cannot be sustained. MCL 752.11; MSA 28.746(101),

REFERENCES

Am Jur 2d, Arrest § 13; Obstructing Justice §§ 24, 27; Sheriffs, Police, and Constables § 277.

See the Index to Annotations under Arrest; Fraud and Deceit; Obstructing Justice; Police and Law Enforcement Officers.

failure to uphold the law, requires public officials to enforce the legal rights of citizens and penalizes those who fail to do so. In this case, the defendant's alleged conduct exceeds the strictures of that statute. Construction of the statute requires that a distinction be made between the omission of a duty and affirmative acts. Because the statute proscribes an omission of duty and fails to include affirmative acts and commissions, as alleged in this case, it does not preclude the charge of common-law obstruction of justice.

3. Obstruction of justice is generally understood as an interference with the orderly administration of justice by impeding or obstructing those who seek justice in a court, or those who have duties or powers of administering justice. However, this definition lacks the specificity necessary to sustain a criminal conviction. At common law, obstruction of justice was not a single offense, but a category of offenses that interfered with public justice. If obstruction of justice were defined simply as an interference with the orderly administration of justice, it would fail to recognize or distinguish the accepted common-law category of separate offenses. There is no basis for this at common law. Thus, to warrant the charge of common-law obstruction of justice, the defendant's conduct must have been recognized in case law as one of the offenses falling within the category obstruction of justice. In this case, there is no common-law precedent for the obstruction of justice charged against this defendant even though his conduct was a substantial impediment to the administration of justice.

Justice BOYLE, joined by Justice RILEY, concurring, stated that although the defendant's conduct, falsification of a police report, does not fit within the rubric of common-law obstruction of justice, it does not follow that his conduct was outside the scope of MCL 750.505; MSA 28.773. MCL 750.505; MSA 28.773 applies where a defendant's conduct constitutes any offense indictable at common law for which no punishment is made by statute. Falsification of a police report in order to legitimize an otherwise unlawful search is encompassed by the common-law offense of misconduct in office. Thus, the defendant still may be properly charged with violation of MCL 750.505; MSA 28.773 on the basis of his acts constituting the common-law offense of malfeasance in office. The existence of the statutory misdemeanor of failure to uphold the law, MCL 752.11; MSA 28.746(101), did not preclude charging the defendant under MCL 750.505; MSA 28.773 because the defendant's conduct involved affirmative acts.

Affirmed.

Justice MALLETT took no part in the decision of this case.

182 Mich App 225; 452 NW2d 215 (1989) affirmed.

CRIMINAL LAW — FAILURE TO UPHOLD THE LAW — OBSTRUCTION OF
JUSTICE — FALSE STATEMENTS IN POLICE REPORTS.

Failure to uphold the law does not preclude a charge of common-
law obstruction of justice; common-law obstruction of justice is
not a single offense, but many, none of which include making a
false statement in a police report in support of an arrest
warrant (MCL 750.505, 752.11; MSA 28.773, 28.746[101]).

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, *Michael J. Modelski,* Chief, Ap-
pellate Division, and *Paul J. Fischer,* Assistant
Prosecuting Attorney, for the people.

*Elbert L. Hatchett* and *Arnold L. Weiner* for the
defendant.

CAVANAGH, C.J. Leave was granted in this case
to determine whether the circuit court erred in
dismissing a common-law felony count of obstruc-
tion of justice, MCL 750.505; MSA 28.773. The
reason for the dismissal was that the alleged con-
duct, making a false statement in a police report
in support of an arrest warrant, fell within the
statutory prohibition of the misdemeanor, failure
to uphold the law, MCL 752.11; MSA 28.746(101).
We find as follows: first, appellate courts review
questions of law for error; second, MCL 752.11;
MSA 28.746(101), failure to uphold the law, does
not preclude the charge of common-law obstruc-
tion of justice; and, third, the charge of common-
law obstruction of justice is not one single offense
but many offenses, none of which encompasses the
defendant's conduct. For these reasons, we affirm
the Court of Appeals.

### FACTS AND PROCEDURE

The Court of Appeals adequately stated the facts
as follows:

On the night of August 21, 1987, defendant, a former Royal Oak Township police officer, was returning to the station following execution of a search warrant on a suspected drug house. He was accompanied by township police chief John Catewood, Deputy Chief Cecil Dawson and Sergeant Albert Serridge. While en route, the officers observed a suspected drug dealer in a parking lot. Defendant got out of the police car, called the suspect over and proceeded to search him. Two packages of cocaine were discovered and the suspect was arrested.

Defendant prepared a police incident report on the arrest. In that report, defendant stated that he had received a tip that an individual fitting the suspect's description would be in the parking lot in possession of a gun and drugs. This statement was false.

The report was forwarded with other materials to the prosecutor's office for the purpose of obtaining a warrant for the suspect's arrest. The report was sent before Deputy Chief Dawson had an opportunity to review it. However, upon his inspection of the report, Dawson realized that it contained false information and immediately informed the prosecutor's office.

As a result of the false statement, defendant was charged with forgery, MCL 750.248; MSA 28.445, conspiracy to commit forgery, MCL 750.157a; MSA 28.354(1); MCL 750.248; MSA 28.445, uttering and publishing a forged instrument, MCL 750.249; MSA 28.446, obstruction of justice, MCL 750.505; MSA 28.773, and conspiracy to commit obstruction of justice, MCL 750.157a; MSA 28.354(1); MCL 750.505; MSA 28.773.

Defendant was bound over on the forgery, uttering and publishing and obstruction of justice charges. Both conspiracy counts were dismissed at the preliminary examination.

Defendant's motion to quash the remaining charges was granted by the Oakland Circuit Court in an October 6, 1988, order. However, the court

remanded defendant's case to the district court for trial on an added misdemeanor charge of willful failure to uphold the law, MCL 752.11; MSA 28.746(101). [182 Mich App 225, 227-228; 425 NW2d 215 (1989).]

The prosecutor appealed in the Court of Appeals, which affirmed the decision of the circuit court, finding that on these facts there could be no charge of forgery, uttering and publishing, or common-law obstruction of justice. The Court of Appeals upheld the circuit court's decision to quash the charge of common-law obstruction of justice on the ground that it was precluded by the statutory offense of wilful failure to uphold the law, MCL 752.11; MSA 28.746(101).

I

At the outset, it should be noted that the Court of Appeals applied an incorrect "abuse of discretion" standard in reviewing the circuit court's quashing of the obstruction of justice charge. As a general matter, the district court's decision to bind over the defendant is subject to review for abuse of discretion. See *People v King*, 412 Mich 145, 155; 312 NW2d 629 (1981). The holding in *King*, however, was based on the appellate court's review of the factual sufficiency of the evidence against the defendant. The circuit court in this case granted the motion to quash on the legal ground that Thomas' alleged conduct fell within the statutory scope of MCL 752.11; MSA 28.746(101). Appellate courts review questions of law for error. Thus, the circuit court's quashing of the obstruction of justice charge on the legal ground asserted in this case is subject to review for error.

II

According to MCL 750.505; MSA 28.773, "[a]ny person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony . . . ." In *People v Davis,* 408 Mich 255, 274; 290 NW2d 366 (1980), Justice COLEMAN found that when a "charge sets forth all the elements of the statutory offense," a conviction under MCL 750.505; MSA 28.773 cannot be sustained.[1] Therefore, to determine whether the Court of Appeals properly dismissed the charge of common-law obstruction of justice, we must first determine whether MCL 752.11; MSA 28.746(101) "sets forth all the elements" of the common-law offense.

MCL 752.11; MSA 28.746(101) provides:

Any public official, appointed or elected, who is responsible for enforcing or upholding any law of this state and who wilfully and knowingly fails to uphold or enforce the law with the result that any person's legal rights are denied is guilty of a misdemeanor.

---

[1] Justice COLEMAN also stated:

For these reasons, the resolution of this case is controlled by the principles applied in *United States v Dietrich,* 126 F 664 (CCD Neb, 1904). In *Dietrich,* defendant was charged with conspiracy to commit an offense against the United States by agreeing with someone to receive a bribe for procuring an office of postmaster for that person. However, since it was an offense under 1878 US Rev Stat (2d ed), § 1781; 12 Stat 577 for a member of Congress to agree to receive a bribe and an offense for anyone to offer or agree to give a bribe, the Court concluded that the formation of this agreement was not punishable as a conspiracy because *it was a substantive offense under § 1781.* [*Davis* at 276. Emphasis added.]

For other cases in which this Court did not uphold a conviction under one statute because the conduct was controlled by another, see *People v Romanski,* 213 Mich 636; 182 NW 121 (1921), and *People v McDonald,* 216 Mich 234; 184 NW 860 (1921).

According to the purpose section of this statute, the legislative intent was to create "[a]n act to require public officials to enforce the legal rights of citizens and to provide a penalty for failure to do so." 1966 PA 158. We find that defendant's alleged conduct exceeds the strictures of MCL 752.11; MSA 28.746(101).

We are required to construe MCL 752.11; MSA 28.746(101) according "to the fair import of [its] terms, to promote justice and to effect the objects of the law." MCL 750.2; MSA 28.192. We believe that construing MCL 752.11; MSA 28.746(101) according to its fair import and to effect its objects requires us to distinguish between the omission of a duty and affirmative acts.[2] In reaching this result we find the analysis of *People v Crousore,* 159 Mich App 304; 406 NW2d 280 (1987), to be persuasive. In *Crousore,* the Court rejected the contention by the defendant that the common-law offense of accessory after the fact was preëmpted by the harboring and concealing statute, MCL 750.199; MSA 28.396. The basis for the Court's holding was that the common-law felony punished additional acts that the statutory offense did not. Specifically, the Court in *Crousore* held:

> We conclude that the Legislature did not intend the harboring and concealing statute to encompass all aspects of aiding an escape. Rather, the statute merely prohibits the providing of a refuge for or hiding the escapee. It does not go further and include a prohibition against something more to

---

[2] In *Romanski,* n 1 *supra* at 640-641, this Court distinguished two criminal statutes as follows:

In the one statute a corrupt exercise of official power is reached, while in the other a corrupt omission to perform a manifest duty is punished; and the statutes are not *in pari materia* and therefore their penalties are unlike.

prevent the escapee's detection or arrest, e.g., providing supplies, weapons, money or transportation, as was done by defendant Wyngaard herein, with knowledge that a crime has been committed. Punishment for these additional acts is provided for under the common-law felony of accessory after the fact. [*Id.* at 312.]

Similar to *Crousore,* the statute in this case merely proscribes the wilful and knowing failure to uphold the law, acts of omission. It does not include the act of the defendant police officer in this case of falsifying a police report, an act of commission. Therefore since MCL 752.11; MSA 28.746(101) proscribes an omission of duty and fails to include the affirmative acts and commissions as alleged here, we believe that it does not preclude the charge of common-law obstruction of justice against the defendant.

### III

This analysis does not end the matter. An analysis of the common-law offense of obstruction of justice is necessary to determine if the charge can be maintained on the facts of this case.

Obstruction of justice is generally understood as an interference with the orderly administration of justice. This Court, in *People v Ormsby,* 310 Mich 291, 300; 17 NW2d 187 (1945), defined obstruction of justice as " 'impeding or obstructing those who seek justice in a court, or those who have duties or powers of administering justice therein.' " In *People v Coleman,* 350 Mich 268, 274; 86 NW2d 281 (1957), this Court stated that obstruction of justice is "committed when the effort is made to thwart or impede the administration of justice." While these definitions adequately summarize the essential concept of obstruction of justice, we believe they

lack the specificity necessary to sustain a criminal conviction.[3]

Early commentaries categorized offenses by what the particular offense wronged. For instance, some categories included offenses against property, persons, peace, health and public justice.[4] In *Ware v Branch Circuit Judge,* 75 Mich 488, 491-492; 42 NW 997 (1889), the Court analyzed the category of related offenses under the heading breach of the peace. We find the analysis in *Ware* applicable.

> No principle is more universally settled than that which deprives all courts of power to infer, from their judicial ideas of policy, crimes not defined by statute or by common-law precedents. Nothing can be a crime until it has been recognized as such by the law of the land. . . . It is a significant fact that very few, and it may perhaps be said that none, of the recognized books of authority on the criminal law contain any such title as "Breach of the Peace," with a definition of it. The books almost universally divide crimes into classes; and breaches of the peace, so far as they are found defined at all, are found either as offenses against the lives and persons of individuals, or as public disturbances, except where for certain reasons they are made felonies. But there is a class referred to in the decisions and commentaries which seems to fix the nature of the offense which may be so classed beyond doubt.
>
> . . . The present case is very plainly excluded by all the reliable authorities from that category.

Like breach of the peace, at common law ob-

[3] Although this analysis does not require this Court to address constitutional issues, we note that in *Davis, supra* at 292, Justice LEVIN found that where an "offense can be defined solely in terms of the object sought to be accomplished" it may be void for vagueness. See also *People v Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976); *Grayned v City of Rockford,* 408 US 104, 108-109; 92 S Ct 2294; 33 L Ed 2d 222 (1972).

[4] 4 Blackstone, Commentaries (1890); see also McClain, Criminal Law.

struction of justice was not a single offense but a
category of offenses that interfered with public
justice. Blackstone discusses twenty-two separate
offenses under the heading "Offences against Pub-
lic Justice."[5] If we now simply define obstruction of
justice as an interference with the orderly admin-
istration of justice, we would fail to recognize or
distinguish it as a category of separate offenses.
We find no basis for this at common law.[6]

To warrant the charge of common-law obstruc-

[5] The twenty-two offenses are:

1. Imbezzling or vacating records, or falsifying certain other
proceedings in a court of judicature . . . . 2. [induce a prisoner]
to accuse and turn evidence against [another] . . . .
3. . . . obstructing the execution of lawful process. . . . 4. An
escape of a person arrested upon criminal process, by eluding
the vigilance of his keepers before he is put in hold . . . . 5.
Breach of prison by the offender himself, when committed for
any cause . . . . 6. Rescue is the forcibly and knowingly freeing
another from an arrest or imprisonment . . . .
7. . . . returning from transportation . . . before the expira-
tion of the term for which the offender was ordered to be
transported . . . . 8. . . . taking a reward, under pretence of
helping the owner to his stolen goods. . . . 9. Receiving of
stolen goods, knowing them to be stolen . . . . 10. . . . the
party robbed not only knows the felon, but also takes his goods
again, or other amends, upon agreement not to prosecute. . . .
11. Common barretry is the offence of frequently exciting and
stirring up suits and quarrels . . . . 12. . . . officious intermed-
dling in a suit that no way belongs to one, by maintaining or
assisting either party with money or otherwise . . . . 13.
Champerty . . . being a bargain with a plaintiff or
defendant . . . to divide the land or other matter sued for
between them . . . . 14. . . . compounding of informations
upon penal statutes . . . . 15. . . . conspiracy . . . to indict an
innocent man . . . . 16. . . . perjury . . . . 17. Bribery . . . . 18.
Embracery is an attempt to influence a jury corruptly to one
side . . . . 19. The false verdict of jurors, whether occasioned
by embracery or not . . . . 20. . . . negligence of public
officers . . . . 21. . . . oppression and tyrannical partiality of
judges, justices, and other magistrates, in the administration
and under the colour of their office. . . .
22. . . . extortion . . . . [Blackstone at 161-177.]

[6] For a scholarly exposition of the common-law history on this
point, see the concurring opinion of my Brother LEVIN in *Davis, supra*
at 308-311.

tion of justice, defendant's conduct must have been recognized as one of the offenses falling within the category "obstruction of justice." Of the twenty-two offenses listed by Blackstone, the offenses of "barratry" and "conspiracy to indict an innocent man" are the closest to these facts. Common-law barratry was an offense committed when an individual filed meritless suits against others. A necessary element of barratry, however, is that it required the filing of more than one suit.[7] The facts of this case do not support this finding. Further, conspiracy to indict an innocent man fails for the more obvious reason that no conspiracy has been claimed here. Therefore, we find no common-law precedent for the obstruction of justice charged against this defendant.[8]

### CONCLUSION

This Court recognizes defendant's conduct as a substantial impediment to the administration of justice. On these facts, however, we find no basis in the common law for a charge of "obstruction of justice." For these reasons, we affirm the judgment of the Court of Appeals.

LEVIN, BRICKLEY, and GRIFFIN, JJ., concurred with CAVANAGH, C.J.

BOYLE, J. I concur in the majority conclusion

[7] The prosecutor admits that at common law "at least two acts of 'incitement to sue'" were required to sustain a conviction.

[8] Although this Court has affirmed the quashing of the information regarding the charge of common-law obstruction of justice, the prosecutor is not precluded from moving to amend the information to add an additional count pursuant to MCL 750.505; MSA 28.773 (see, e.g., Perkins & Boyce, Criminal Law [3d ed], p 543, discussion on the common-law offense of misconduct in office). An information may be freely amended, and any amendment not prejudicial to the defendant may be allowed. MCL 767.76; MSA 28.1016; *People v Watson*, 307 Mich 596, 601-602; 12 NW2d 476 (1943).

that because MCL 752.11; MSA 28.746(101) pro-
scribes the omission of duty but does not require
affirmative wrongful acts, and the charged conduct
involved affirmative wrongful acts, the existence of
the statute did not preclude charging defendant
under MCL 750.505; MSA 28.773.[1] I also agree that
defendant's conduct does not fit within the rubric
of common-law obstruction of justice.[2] However, it
does not follow that defendant's conduct was out-
side the scope of MCL 750.505; MSA 28.773.

To determine whether defendant can be charged
under MCL 750.505; MSA 28.773, the starting
point of analysis must be the language of the
statute itself:

> Any person who shall commit any indictable
> offense at the common law, for the punishment of
> which no provision is expressly made by any stat-
> ute of this state, shall be guilty of a felony . . . .

The question which is determinative of the appli-
cability of MCL 750.505; MSA 28.773, then, is
whether defendant's conduct constitutes "any in-
dictable offense at the common law."[3]

---

[1] MCL 752.11; MSA 28.746(101) provides:

Any public official, appointed or elected, who is responsible
for enforcing or upholding any law of this state and who
wilfully and knowingly fails to uphold or enforce the law with
the result that any person's legal rights are denied is guilty of
a misdemeanor.

[2] I write separately to amplify the point acknowledged by Chief
Justice CAVANAGH at ante, p 458, n 8, that defendant might be
charged under MCL 750.505; MSA 28.773 with another common-law
offense.

[3] The phrase "obstruction of justice" does not accurately describe
the scope of the statute at issue. "Obstruction of justice" is merely a
label of convenience sometimes applied to MCL 750.505; MSA 28.773.
The shorthand designations applied to statutes do not define the scope
or meaning of the legislation. By the terms of the statute itself, the
relevant inquiry is whether defendant's conduct constituted "any
indictable offense at the common law."

A review of the application of MCL 750.505; MSA 28.773 reveals that, historically, it has been applied to conduct constituting common-law offenses outside of those constituting "obstruction of justice." For example, conspiracy, a common-law crime that may, but does not necessarily, fall within the rubric of obstruction of justice, has frequently been prosecuted under MCL 750.505; MSA 28.773.[4] In *People v Causley,* 299 Mich 340; 300 NW 111 (1941), this Court, after thorough analysis, concluded that conspiracy to violate a statute prohibiting malicious injury to electric transmission lines was an offense chargeable under MCL 750.505; MSA 28.773.

Thus, the inquiry is whether defendant's falsification of a police report in order to legitimize an otherwise unlawful search constitutes an offense indictable at common law. I believe that the common-law offense of misconduct in office encompasses such conduct. "Misconduct in office is corrupt behavior by an officer in the exercise of the duties of his office or while acting under color of his office." Perkins & Boyce, Criminal Law (3d ed), p 543. Blackstone describes the offense as "maladministration of such high officers, as are in public trust and employment." 4 Blackstone, Commentaries, p 153. Perkins & Boyce explain that the offense of "misconduct in office" may take the form of malfeasance—the doing of a wrongful act, misfeasance—the doing of a lawful act in a wrongful manner, and nonfeasance—the failure to do an act required by the duties of office. *Id.,* p 540.[5]

I have little difficulty concluding that defen-

---

[4] Blackstone discusses conspiracy only in the context of offenses against public justice, and his discussion is limited to conspiracy to indict an innocent man. However, "it had been well established since the late seventeenth century that a conspiracy to commit any crime or other wrong was indictable . . . ." Jackson, *Common law misdemeanors,* 6 Cambridge L J 193, 194 (1938).

[5] Thus one encounters statements of the law such as: "[m]alfea-

dant's alleged acts were of a type that could be
prosecuted under the common-law offense of mis-
conduct in office.[6] I would find defendant's alleged
conduct analogous to acts that have been pros-
ecuted as misconduct in office. For example, in
*Commonwealth v Miller,* 94 Pa Super 499 (1928),
the Pennsylvania Superior Court found that a
state trooper was a public officer subject to pros-
ecution for malfeasance in office for wrongfully
causing the withdrawal of an information against
a person accused of driving while intoxicated. In
*Robbins v Commonwealth,* 232 Ky 115; 22 SW 440
(1929), the court affirmed the conviction of "mal-
feasance in office" where a county judge was found
guilty of issuing a warrant without a proper affida-
vit and without foundation. In affirming the con-
viction, the court commented, "We can conceive of
no greater abuse of the power vested in an officer
to issue warrants of arrest." *Id.,* p 119. A similar
abuse is evidenced by the falsification of a police
report by a police officer. Instead of upholding the
rule of law as required by duty, the defendant
sought to subvert that rule by his alleged corrupt
act.

I concur in affirmance of the Court of Appeals
because the information charging defendant with
violation of MCL 750.505; MSA 28.773 described
the offense as "obstruction of justice," and, as the
majority concludes, defendant's conduct does not
constitute common-law obstruction of justice. How-
ever, defendant may still be properly charged with
violation of MCL 750.505; MSA 28.773 on the basis

---

sance, misfeasance, nonfeasance, misconduct, misbehavior, or mis-
demeanor in public office is indictable at common law . . . ." 67 CJS,
Officers, § 256, p 787.

[6] A defendant cannot be convicted of misconduct in office absent a
"corrupt intent," Perkins & Boyce, *supra,* p 542. A corrupt intent is
not necessarily an intent to profit oneself; "[t]he word 'corruption,' as
an element of misconduct in office, is used in the sense of depravity,
perversion or taint." *Id.*

of his commission of acts constituting the common-law offense of malfeasance in office.[7]

### CONCLUSION

I agree that the existence of the statutory misdemeanor of failure to uphold the law, MCL 752.11; MSA 28.746(101), did not preclude charging defendant under MCL 750.505; MSA 28.773, because defendant's conduct involved affirmative acts. I further concur in the conclusion that defendant's acts do not constitute common-law obstruction of justice. However, I would conclude that defendant's conduct constitutes an offense indictable at common law, and that defendant could properly be charged with violation of MCL 750.505; MSA 28.773.

RILEY, J., concurred with BOYLE, J.

MALLETT, J., took no part in the decision of this case.

[7] Informations may be freely amended, and any amendment not prejudicial to the defendant may be allowed. MCL 767.76; MSA 28.1016; *People v Watson,* 307 Mich 596, 601-602; 12 NW2d 476 (1943).