# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MICHAEL ANTHONY CALABRESE,

       Defendant-Appellant.

UNPUBLISHED
April 26, 2016

No. 325220
Wayne Circuit Court
LC No. 13-011114-FH

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his jury trial convictions of three misdemeanor counts of unauthorized access or use of nonpublic information via the Law Enforcement Information Network ("LEIN"), MCL 28.214(6)(a). He was sentenced to one year of non-reporting (telephonic) probation. We affirm.

## I. FACTUAL BACKGROUND

This case arises from defendant's May 2011 through November 2012 use of the LEIN to run searches on multiple women while on duty as a police officer for the Taylor Police Department. The prosecution alleged that those LEIN searches did not comport with police department policies and violated MCL 28.214(3) because they were conducted for defendant's own "personal use or gain."

Although defendant was charged with seven counts of unauthorized access or use of nonpublic information via the LEIN as well as other felony offenses,[2] he was convicted of only three misdemeanor counts of unauthorized access or use of nonpublic information arising from

---

[1] *People v Calabrese*, unpublished order of the Court of Appeals, entered July 7, 2015 (Docket No. 325220).

[2] Defendant was acquitted of two counts of false certification (impermissible use of personal information), MCL 257.903, two counts of using a computer to commit a crime, MCL 752.796, one count of common-law misconduct in office, MCL 750.505, and four additional counts of unauthorized access or use of nonpublic information via the LEIN, MCL 28.214(6)(a).

-1-

LEIN searches pertaining to LM, CG, and GL, three women with whom he had developed a friendship or romantic relationship.

## II.  SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution presented insufficient evidence to support his misdemeanor convictions.  We disagree.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

This Court reviews a challenge to the sufficiency of the evidence *de novo*. *People v Henderson*, 306 Mich App 1, 8-9; 854 NW2d 234 (2014).  "We examine the evidence in a light most favorable to the prosecution, resolving all evidentiary conflicts in its favor, and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond reasonable doubt." *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013) (quotation marks and citation omitted).  "Circumstantial evidence and reasonable inferences arising [from the evidence] may constitute proof of the elements of [a] crime." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010).  This Court's review is deferential, as "[w]hen assessing a challenge to the sufficiency of evidence, the trier of fact, not the appellate court, determines what inferences may be fairly drawn from the evidence and the weight to be accorded those inferences." *People v Malone*, 287 Mich App 648, 654; 792 NW2d 7 (2010), overruled in part on other grounds by *People v Jackson*, 498 Mich 246, 268 n 9 (2015).  Accordingly, in reviewing a challenge to the sufficiency of the evidence, we do not interfere with the fact-finder's determinations regarding the weight and credibility of the witnesses or the evidence. *Dunigan*, 299 Mich App at 582.

### B.  ANALYSIS

The criminal justice information policy council, see MCL 28.211a(a), MCL 28.212, was charged with creating rules and policies governing information in the criminal justice information systems, including the LEIN system.  MCL 28.214(1)(a).  MCL 28.214 provides, in relevant part:

> (3) A person shall not access, use, or disclose nonpublic information governed under this act for personal use or gain.

> *  *  *

> (5) A person shall not disclose information governed under this act in a manner that is not authorized by law or rule.

> (6) A person who intentionally violates subsection (3) or (5) is guilty of a crime as follows:

> (a) For a first offense, the person is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

(b) For a second or subsequent offense, the person is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.

MCL 28.211a(b) defines "nonpublic information" as "information to which access, use, or dissemination is restricted by a law or rule of this state or the United States." We conclude that the trial court accurately articulated the elements of defendant's misdemeanor charges as follows:

The defendant is charged with the crime of unauthorized access and/or use of LEIN information. To prove this charge, the prosecutor must prove beyond a reasonable doubt that the defendant intentionally accessed and/or used non public [sic] information governed under LEIN, [and] that the defendant did so for personal use[] or personal gain.

The evidence at trial demonstrated that a biennial certification test was required to access the LEIN on a mobile data terminal ("MDT") in a police vehicle or on a computer at the police station. A police officer who passed the certification test received a unique login. Every keystroke made by an officer logged into the LEIN system was recorded. The evidence indicated that defendant's login was used when information regarding LM, CG, and GL was accessed.

LM testified that she met defendant through her job at a flower shop, and they dated for approximately two months. She never asked defendant to look up her driving or criminal records. However, defendant admitted to her that he "ran her name" and, during the search, learned of an accident in which she was involved. CG testified that she became acquainted with defendant because he frequented a bar where she worked. On one occasion, after CG and defendant had exchanged messages on Facebook, defendant gave her a ride home from a bar when she was intoxicated. Subsequently, she asked defendant to search her driving record, testifying at trial that she asked him to do so for her own personal use and gain. GL testified that she dated defendant "on and off" between 2009 and 2011. There is no indication that she ever asked defendant to search her driving record, and she was never stopped by defendant in a law enforcement capacity.

Defendant argues that there was insufficient evidence presented at trial to support his convictions because there was no direct evidence that he intentionally conducted the LEIN searches. We disagree. Despite the absence of direct eyewitness testimony that defendant searched the women's names on the LEIN, there is ample circumstantial evidence that he was the individual who performed the searches, as the queries at issue were performed using defendant's unique login. Although there was testimony that a LEIN search could be performed using another officer's login information, such a search was against police department policy and occurred only under exceptional circumstances, such as during a situation when officer safety was at risk. In these instances, there is no evidence that suggests that the LEIN searches giving rise to defendant's convictions were necessary for officer safety.

Additionally, each of the offenses involved women who shared a friendship or dating relationship with defendant. LM met defendant through her employment; they dated for two

months; and defendant admitted to her that he searched her name because he wanted to learn about whom he was dating. CG also met defendant through her work at a local bar. Although she testified that she asked defendant to search her name for her own benefit, it was within the province of the jury to determine whether defendant chose to access the information for his own personal gain—for example, to foster his personal relationship with CG, which, from the trial testimony, appeared strongly tied to his position as a police officer. See *People v Orlewicz*, 293 Mich App 96, 111; 809 NW2d 194 (2011). Lastly, defendant dated GL "on and off" between 2009 and 2011, and the evidence showed that her name was repeatedly searched on the LEIN. There is no indication that she asked defendant to search for her information or that she obtained a personal benefit from the searches. Another Taylor police officer also testified that defendant admitted that he searched GL's name on the LEIN system while they were discussing defendant's criminal case, although he stated at the time, "I'm not even sure why I did it."

On this record, even though the prosecution did not present a witness who observed defendant performing the searches or who had personal knowledge of defendant's specific intent when the searches were performed, there was sufficient circumstantial evidence for the jury to reasonably infer that defendant intentionally ran the searches for his own personal benefit, as the searches were made using his login information and involved women with whom he had a personal connection. See *Bennett*, 290 Mich App at 472. Thus, the prosecution presented sufficient evidence for a rational jury to conclude that the elements of defendant's convictions had been proven beyond a reasonable doubt. See *Dunigan*, 299 Mich App at 582.

Defendant also argues that he did not, as a matter of law, violate MCL 28.214(5) because disclosure of requested information is permissible pursuant to MCL 257.208c(3)(m). "When interpreting statutes, this Court must ascertain and give effect to the intent of the Legislature. The words used in the statute are the most reliable indicator of the Legislature's intent and should be interpreted on the basis of their ordinary meaning and the context within which they are used in the statute." *People v Zajaczkowski*, 493 Mich 6, 13; 825 NW2d 554 (2012) (quotation marks and citations omitted). This argument lacks merit because the prosecution did not proceed under a theory that defendant improperly disclosed information. Rather, as indicated in the felony information, and as confirmed by the prosecution's arguments at trial, it proceeded under a theory that defendant intentionally *accessed or used* nonpublic information contrary to the act. See MCL 28.214(3). In light of the evidence presented at trial, it was sufficient for a reasonable jury to find beyond a reasonable doubt that defendant accessed or used the LEIN for his own personal use or gain.

Further, the plain language of MCL 257.208c(3)(m) allows *the secretary of state*, following satisfactory proof of identity, to disclose personal information regarding an individual to the individual herself or to her designee. It does not provide authority for a law enforcement officer to circumvent the statutory requirements by searching an individual's name on the LEIN, albeit with the individual's consent, and directly providing information acquired through the search to the requesting individual. Accordingly, this statute has no effect on the sufficiency of the evidence underlying defendant's convictions.

Thus, we reject defendant's claims.

### III. INCONSISTENT JURY VERDICTS

Next, defendant argues that the jury's verdict was ambiguous, inconsistent, and void as a matter of law. We disagree.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

We review *de novo* questions concerning inconsistent jury verdicts. *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012). However, because defendant failed to raise this issue below, our review is limited to whether there was plain error that affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Within a single jury trial, inconsistent verdicts are permissible and do not require reversal. *People v Wilson*, 496 Mich 91, 100-101; 852 NW2d 134 (2014). Rather, each count in an indictment is deemed a separate indictment. *People v Vaughn*, 409 Mich 463, 465; 295 NW2d 354 (1980). As the Michigan Supreme Court explained in *Vaughn*:

> Juries are not held to any rules of logic nor are they required to explain their decisions. The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency. Since we are unable to know just how the jury reached their conclusion, whether the result of compassion or compromise, it is unrealistic to believe that a jury would intend that an acquittal on one count and conviction on another would serve as the reason for defendant's release. These considerations change when a case is tried by a judge sitting without a jury. But we feel that the mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility. [*Id*. at 466 (footnotes omitted).]

"[A] jury may reach inconsistent verdicts as a result of mistake, compromise, or leniency." *People v Goss*, 446 Mich 587, 597-598; 521 NW2d 312 (1994).

Although inconsistent verdicts may warrant appellate relief when the inconsistency is the result of juror confusion, a failure to understand instructions, or juror mistake, a defendant may not merely rely on the alleged inconsistency itself to support such a claim, and a proper verdict form and understandable instructions will not support a claim of error. *People v McKinley*, 168 Mich App 496, 510-511; 425 NW2d 460 (1988); see also *People v Lewis*, 415 Mich 443, 450 n 9; 330 NW2d 16 (1982). The defendant bears the burden of providing evidence of juror confusion, misunderstood instructions, or impermissible compromise. *People v Putman*, 309 Mich App 240, 251; 870 NW2d 593 (2015); *McKinley*, 168 Mich App at 510-511.

## B. ANALYSIS

Defendant first argues that "the nature of the misdemeanors" on the jury verdict form "reveal that they were all identical, signifying that the jurors were confused as to the charges. Because the verdict cannot be clearly deduced from the record as it currently stands, it is void for ambiguity." This claim is completely unsupported by the record. The verdict form clearly lists each charge, and each charge is distinguished by the name of the complainant involved in the conduct giving rise to that charge. There is absolutely no support for a finding that the jury's verdict cannot be adduced from the verdict form. Moreover, the jury's verdict is equally clear

from the statements of the jury foreperson after the jury completed its deliberations. Accordingly, we find no basis for concluding, based on the jury verdict form, that the jurors were confused about the charges, especially given the instructions provided by the trial court before the jury began its deliberations. See *People v Ullah*, 216 Mich App 669, 682-684; 550 NW2d 568 (1996).

Defendant also argues that he is entitled to a new trial because the alleged inconsistencies in the jury's verdict demonstrate that it resulted from juror confusion or impermissible compromise. See *Putman*, 309 Mich App at 251; *McKinley*, 168 Mich App at 510-511. He contends that such confusion or compromise is revealed by the fact that the jury acquitted him of some, but not all, of the misdemeanor charges, even though the conduct giving rise to each of the charges is "identical." Defendant's claim is wholly unsupported by the record, as the record clearly shows that the factual circumstances of the LEIN searches giving rise to his seven charges under MCL 28.214(6)(a), each of which involved a separate woman, differed widely. Thus, even though he was charged with seven counts of the same offense of unauthorized access or use of the LEIN, the jury's verdict is easily explained by factual differences in the record. Accordingly, we find no basis for concluding that the verdict resulted from juror confusion or impermissible compromise. See *Putman*, 309 Mich App at 251; *McKinley*, 168 Mich App at 510-511.

Thus, we reject defendant's claims.

## IV. MOTION TO QUASH

Defendant next argues that the trial court abused its discretion when it failed to grant his motion to quash all of the felonies, and that he was prejudiced at trial by this failure. He contends that he would have been acquitted of all of the charges if the felonies had not been submitted to the jury, as demonstrated by the insufficient evidence supporting his misdemeanor convictions. We reject defendant's claims.

## A. STANDARD OF REVIEW

"A district court magistrate's decision to bind over a defendant and a trial court's decision on a motion to quash an information are reviewed for an abuse of discretion." *People v Dowdy*, 489 Mich 373, 379; 802 NW2d 239 (2011). However, "a lower court's rulings based on questions of law are reviewed de novo." *People v Monaco*, 474 Mich 48, 54; 710 NW2d 46 (2006).

## B. ANALYSIS

Because defendant was acquitted of all felony charges, he cannot challenge the evidence adduced at the preliminary examination absent a showing of prejudice. *People v Hall*, 435 Mich 599, 602-603; 460 NW2d 520 (1990); see also *People v Yost*, 468 Mich 122, 124 n 2; 659 NW2d 604 (2003). Accordingly, when this Court finds that sufficient evidence was presented at trial to uphold a defendant's convictions, it may not address any claim that a defendant's bindover was erroneous. *People v Bosca*, 310 Mich App 1, 45-46; 871 NW2d 307 (2015), appeal held in abeyance 872 NW2d 492 (2015), citing *People v Wilson*, 469 Mich 1018; 677 NW2d 29 (2004) ("If a defendant is fairly convicted at trial, no appeal lies regarding whether the evidence at the

preliminary examination was sufficient to warrant a bindover."). Here, because there was sufficient evidence presented at trial to support defendant's misdemeanor convictions, and he was acquitted of the felony charges, he has failed to make the requisite showing of prejudice.

Defendant also contends that he was prejudiced because the jury rendered an impermissible compromise verdict in this case, which would not have occurred but for the improper submission of the felony charges. As discussed *supra*, defendant failed to meet his burden of demonstrating a compromise verdict, as the record shows that his convictions and acquittals were supported by the different circumstances underlying each charge. Thus, because defendant is unable to establish prejudice, he is not entitled to appellate relief.

Finally, we reject defendant's claim that the trial court committed an error of law in binding defendant over to the circuit court on a charge of common-law misconduct in office pursuant to MCL 750.505 because the conduct giving rise to the statutory charges was the same as the conduct giving rise to the common-law misconduct in office charge. "[W]hen a charge sets forth all the elements of the statutory offense, a conviction under MCL 750.505 . . . cannot be sustained." *People v Thomas*, 438 Mich 448, 453; 475 NW2d 288 (1991); see also *People v Waterstone*, 296 Mich App 121, 134; 818 NW2d 432 (2012). Therefore, to determine whether dismissal of a common-law offense is warranted, the elements of the statutory offense must be examined. *Thomas*, 438 Mich at 453. If a defendant has been charged with violating a statute that includes elements different from common-law misconduct in office, charges under both the statutory offense and MCL 750.505 are permissible. See *Thomas*, 438 Mich at 453; *People v Milton*, 257 Mich App 467, 472; 668 NW2d 387 (2003).

Contrary to defendant's claims, a charge of common-law misconduct in office does not set forth the elements of the statutory offenses of false certification and using a computer to commit a crime. Compare *People v Hardrick*, 258 Mich App 238, 244-245; 671 NW2d 548 (2003), and *People v Coutu*, 235 Mich App 695, 705-706; 599 NW2d 556 (1999), with MCL 257.903, MCL 257.208c, and MCL 752.796.[3] The mere fact that the same factual circumstances gave rise to the common-law and statutory charges does not require us to conclude that the trial court erred in binding defendant over to the circuit court on a charge of common-law misconduct in office. Again, "the presentation of sufficient evidence to convict at trial renders any erroneous bindover decision harmless." *People v Bennett*, 290 Mich App at 481.

## V. CONCLUSION

Defendant has failed to establish that any of the claims of error raised on appeal warrant relief.

---

[3] Notably, MCL 752.796(2) also provides, "This section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law committed by that person while violating or attempting to violate this section, including the underlying offense."

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan