PEOPLE v NEAL

Docket No. 147741. Submitted July 7, 1993, at Lansing. Decided October 4, 1993, at 9:20 A.M. Leave to appeal sought.

Jerome G. Neal was charged in the 42-1 District Court with second-degree murder, possession of a firearm during the commission of a felony, and carrying a concealed weapon. Following a preliminary examination, the court, Richard D. McLean, J., bound over the defendant on charges of voluntary manslaughter, felony-firearm, and carrying a concealed weapon. The people appealed, and the Macomb Circuit Court, Michael D. Schwartz, J., reversed the district court's decision to reduce the charge from second-degree murder to voluntary manslaughter, concluding that the district court abused its discretion because there was conflicting evidence whether the defendant had acted with malice. The defendant appealed by leave granted.

The Court of Appeals *held:*

The district court did not abuse its discretion in refusing to bind over the defendant on the charge of second-degree murder. The record supports the district court's conclusion that the defendant did not act with malice at the time of the shooting because the defendant was in mortal fear for his safety and well-being.

Reversed and remanded.

1. CRIMINAL LAW — HOMICIDE — SECOND-DEGREE MURDER — MAN-SLAUGHTER.

A death caused by a defendant with malice and without justification or excuse is second-degree murder; malice requires an intent to kill, an intent to do great bodily harm, or an intent to create a high risk of death or great bodily harm with knowledge that such is the probable result; malice must be established from facts or circumstances that do not mitigate the

REFERENCES

Am Jur 2d, Criminal Law §§ 134, 412; Homicide §§ 50, 53.

Modern status of the rules requiring malice "aforethought," "deliberation," or "premeditation," as elements of murder in the first degree. 18 ALR4th 961.

degree of the offense to manslaughter or constitute an excuse or justification (MCL 750.317, 750.321; MSA 28.549, 28.553).

2. CRIMINAL LAW — PRELIMINARY EXAMINATION.

The inquiry of an examining magistrate is not limited to whether the prosecution has presented evidence regarding each element of an offense, but requires an examination of the whole matter; even where the prosecution has presented some evidence regarding each element, if upon examination of the whole matter the evidence is insufficient to satisfy the magistrate that the offense charged has been committed and that there is probable cause to believe that the defendant committed it, the magistrate should not bind the defendant over for the offense charged, but may bind over on a lesser offense; in making this determination, mitigating evidence must be considered, and the magistrate should take into account the weight and competency of the evidence and the credibility of the witnesses; conflicting evidence or evidence that raises a reasonable doubt regarding guilt should be left to the trier of fact.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Lawyer, and *Steven Kaplan,* Assistant Prosecuting Attorney, for the people.

*Mark J. Swanson,* for the defendant.

Before: MacKENZIE, P.J., and GRIFFIN and W. L. CAHALAN,* JJ.

GRIFFIN, J. Defendant appeals by leave granted an order of the Macomb Circuit Court reversing the decision of the 42-1 District Court to bind over defendant on a charge of voluntary manslaughter rather than second-degree murder. We reverse and reinstate the voluntary manslaughter charge.

I

This case arises out of an ugly racial incident

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that led to the tragic shooting death of Larry Heyd by defendant. Defendant was initially charged with second-degree murder, MCL 750.317; MSA 28.549, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and carrying a concealed weapon, MCL 750.227; MSA 28.424. At the conclusion of the preliminary examination, the district court bound over defendant on charges of felony-firearm, carrying a concealed weapon, and the lesser offense of voluntary manslaughter, MCL 750.321; MSA 28.553. The examining magistrate found that "this was [not] a conscious effort by [defendant] to cause the death of an individual." On appeal by the people, the circuit court reversed the district court's decision to reduce the charge from second-degree murder to voluntary manslaughter. The circuit court concluded that the district court abused its discretion in refusing to bind over defendant on the charge of second-degree murder because there was conflicting evidence whether defendant acted with malice. After thorough review, we disagree.

II

The testimony at the preliminary examination established that defendant and three companions attended the Richmond Good Old Days Fair in Macomb County on the evening of September 8, 1991. While at the fair, the group engaged in a conversation with a school friend, Kevin Kazmierczak. During the conversation, they were joined by Kazmierczak's cousin, Robert Kazmierczak. Robert demanded to know from Kevin whether defendant and his companions had been involved in a fight the previous night in which Robert had been beaten up by a black male. Although Robert was informed of their noninvolvement, he became en-

raged when one of the youths started laughing and invited them to leave the fairgrounds, apparently to fight. Defendant then allegedly lifted his shirt to reveal a silver handgun lodged in the front of his pants. Robert and two friends and defendant and his companions left the fairgrounds. Once outside, the decedent, Larry Heyd, attacked one of defendant's friends. The altercation attracted a large group of white youths. There is also testimony that defendant then waved a handgun at the gathering crowd and ordered them to stay back before he turned and fled with his companions. One person in the crowd began yelling "Run, nigger, run." Apparently, at this point the crowd began to give chase.

After the group ran approximately three hundred yards to the top of a hill, defendant fired two warning shots into the air. One of the pursuers yelled that defendant's gun was a "fake." The crowd then resumed chasing defendant for approximately one-quarter to one-half mile until they reached a trailer park. The decedent caught up to defendant in the trailer park and was thereafter shot by defendant. Apparently, only a small number of pursuers had reached the trailer park at the time of the shooting. Although the witnesses agreed that defendant shot the decedent only after warning him that he did not want to shoot, there was conflicting testimony regarding whether the decedent was advancing or turning slightly away from defendant at the time the actual shot was fired.

III

Defendant's sole claim on appeal is that the circuit court erred in reversing the district court's dismissal of the second-degree murder charge

when the evidence presented at the preliminary examination failed to establish that defendant acted with malice. We agree.

Generally, we apply the same standard on review as applied by the circuit court in reviewing a district court's decision to bind over a defendant. *People v Thomas,* 438 Mich 448, 452; 475 NW2d 288 (1991); *People v Etheridge,* 196 Mich App 43, 54; 492 NW2d 490 (1992). In assessing the circuit court's decision to reverse the district court's decision, we must determine whether the district court abused its discretion in concluding that there was not probable cause to believe defendant committed second-degree murder. *People v Fiedler,* 194 Mich App 682, 692-693; 487 NW2d 831 (1992); *People v Flowers,* 191 Mich App 169, 174; 477 NW2d 473 (1991).

A death caused by a defendant with malice and without justification or excuse is second-degree murder. *People v Spearman,* 195 Mich App 434, 438; 491 NW2d 606 (1992). Malice requires an intent to kill, an intent to do great bodily harm, or an intent to create a high risk of death or great bodily harm with knowledge that such is the probable result. *People v Wofford,* 196 Mich App 275, 278; 492 NW2d 747 (1992). Further, malice must be established from facts or circumstances that do not mitigate the degree of the offense to manslaughter or constitute an excuse or justification. *People v Porter,* 169 Mich App 190, 193; 425 NW2d 514 (1988).

The examining magistrate must bind over a defendant for trial if it appears that "a felony has been committed and there is probable cause for charging the defendant therewith." MCL 766.13; MSA 28.931; *People v Hill,* 433 Mich 464, 469; 446 NW2d 140 (1989). Our Supreme Court in *People v King,* 412 Mich 145, 154; 312 NW2d 629 (1981),

addressed the relevant scope of inquiry by the magistrate in making the probable cause determination:

> The inquiry is not limited to whether the prosecution has presented evidence on each element of the offense. The magistrate is required to make his determination "after an examination of the whole matter." Although the prosecution has presented some evidence on each element, if upon an examination of the whole matter the evidence is insufficient to satisfy the magistrate that the offense charged has been committed and that there is probable cause to believe that the defendant committed it, then he should not bind the defendant over on the offense charged but may bind him over on a lesser offense as to which he is so satisfied.

See also *People v Stafford,* 434 Mich 125, 133; 450 NW2d 559 (1990).

Accordingly, in making this determination, mitigating evidence, including evidence of provocation, must be considered by the magistrate. *King, supra* at 154; *Stafford, supra* at 133-135. Moreover, the magistrate should take into account the weight and competency of the evidence as well as the credibility of the witnesses. *King, supra* at 153. However, conflicting evidence or evidence that raises a reasonable doubt regarding the defendant's guilt should be resolved by the trier of fact. *King, supra; Fiedler, supra* at 693. Therefore, where there is credible evidence presented to both support and negate the existence of malice, a factual question exists that should be left to the jury. *Wayne Co Prosecutor v Recorder's Court Judge,* 92 Mich App 119, 123; 284 NW2d 507 (1979).

IV

After reviewing the record in the present case,

we find no abuse of discretion in the district court's refusal to bind over defendant on the charge of second-degree murder. Although the circuit court, in reversing the district court's decision noted that there was conflicting evidence regarding whether the decedent was slightly moving away from defendant at the time of the shooting, we believe that the circuit court too narrowly construed the magistrate's scope of inquiry in making the probable cause determination. *King, supra.* Upon "examination of the whole matter," the district court found that defendant did not act with malice at the time of the shooting because "[defendant] did feel from all the totality of the evidence as presented on the record that he was in mortal fear for his safety and well-being." We conclude that the entire record supports the district court's conclusion.

Uncontroverted evidence presented at the preliminary examination established that defendant and his companions were approached by a hostile Robert Kazmierczak, who invited them to leave the fairgrounds, apparently to fight. Once outside, one of defendant's companions was attacked by the decedent, attracting a large crowd of white youths who began chasing defendant and his friends. There was also testimony that during the chase racial epithets were shouted at defendant and his companions. After chasing defendant approximately one-quarter to one-half mile, several of the pursuers, including the decedent, caught up with defendant at a trailer park. The decedent was shot at close range only after being warned by defendant that he did not want to shoot. At the time of the shooting, several of the other pursuers were approaching defendant and the decedent. Even in light of the conflicting evidence that the decedent

may have turned slightly away from defendant at the time of the shooting, we conclude that the district court did not abuse its discretion in finding that defendant acted without malice under these circumstances.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.