PEOPLE v McBRIDE

Docket No. 151898. Submitted January 18, 1994, at Detroit. Decided May 2, 1994, at 9:00 A.M. Leave to appeal sought.

Dillard McBride was charged in the 23rd District Court with parental kidnapping after he absconded with his children while they were in the sole custody of his estranged wife pursuant to an ex parte order from the Wayne Circuit Court. The district court, William J. Sutherland, J., bound the defendant over for trial in the Detroit Recorder's Court, rejecting the defendant's contention that he had not been served with the custody order and therefore could not be prosecuted. The trial court, Dalton Roberson, J., dismissed the charge on the basis of lack of service of the custody order. The prosecution appealed.

The Court of Appeals *held:*

The parental kidnapping statute, MCL 750.350a; MSA 28.582(1), provides in part that a natural parent of a child shall not take that child, or retain that child for more than twenty-four hours, with the intent to detain or conceal the child from any other parent or legal guardian of the child who has custody or visitation rights pursuant to a lawful court order at the time of the taking or retention. The statute does not require that a parent be formally served with a custody order before that parent can be charged with parental kidnapping; it requires only that the party from whom the child is taken have custody or visitation rights pursuant to a lawful court order at the time of the taking or retention.

Order of dismissal vacated; charge reinstated.

CRIMINAL LAW — PARENTAL KIDNAPPING.

Where a right of custody or visitation of a child has been granted by lawful court order to one parent, the other parent may be prosecuted for parental kidnapping for taking or retaining the child with intent to conceal the child from the parent to whom custody or visitation has been granted, notwithstanding a lack

REFERENCES

Am Jur 2d, Abduction and Kidnapping § 34; Divorce and Separation § 987.

Kidnapping or related offense by taking or removing of child by or under authority of parent or one in loco parentis. 20 ALR4th 823.

of service of the order of custody or visitation on the parent so prosecuted (MCL 750.350a; MSA 28.582[1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Rita H. Lewis,* Assistant Prosecuting Attorney, for the people.

*Kraizman & Kraizman* (by *Jack J. Kraizman*), for the defendant.

Before: CAVANAGH, P.J., and MARILYN KELLY and J. R. ERNST,* JJ.

MARILYN KELLY, J. The prosecutor appeals as of right from an order dismissing a charge of parental kidnapping against defendant, Dillard McBride. MCL 750.350a(1); MSA 28.582(1)(1). We vacate the order and reinstate the charge.

I

Mary Ann McBride and Dillard McBride, a married couple, separated in September, 1991. On September 25, 1991, an ex parte order was entered in Wayne County granting sole custody of their two children to Mrs. McBride. The Oakland County Sheriff's Department received a copy of the order on October 4, 1991. It did not serve defendant with it before the October 17, 1991, incident which formed the basis for the parental kidnapping charge. However, Mrs. McBride testified that she told defendant about the order well before the incident occurred.

On October 17, 1991, Mrs. McBride took the children to visit their father at his Rochester Hills

* Circuit judge, sitting on the Court of Appeals by assignment.

house. Because she did not trust his motives in requesting the visit, she remained at the house. However, Mr. McBride managed to abscond with the children. He left behind a note which, according to Mrs. McBride said:

> That he had to take the kids to teach me a lesson, and he felt that I took the children away from him, and I refused to work the marriage out with him and he had no choice, and he was doing what he thought was best for the kids to take them out of state. He said he was going to Canada, but he went to California.

One month later, Mrs. McBride was reunited with the children at a children's home in California where they had been left.

Defendant was charged with parental kidnapping. Defense counsel opposed the bindover because defendant had never been served with the custody order and lacked "official notice" that Mrs. McBride had obtained sole custody of the children. The magistrate concluded that there was probable cause, reasoning that Mrs. McBride had put defendant on notice when she informed him that an order granting her custody had been entered. Defendant was bound over for trial in Detroit Recorder's Court.

Defendant moved for dismissal on the basis that he had not been served with the ex parte order by the sheriff's department, relying on MCR 2.105 and MCR 2.102. The trial judge agreed and dismissed the case.

On appeal, the prosecutor contends that notice of the order of custody is not an element of the offense of parental kidnapping. Furthermore, the evidence presented at the preliminary examination supported the magistrate's bindover decision,

and the trial court erred in dismissing the parental kidnapping charge.

II

This Court's review of the circuit court's analysis of the bindover process is de novo. We must redetermine if the magistrate committed an abuse of discretion in finding probable cause to believe that the defendant committed the offense charged. We decide whether the evidence presented to the magistrate was sufficient to establish, as a matter of law, that the offense charged had probably been committed by defendant. *People v Neal,* 201 Mich App 650, 654; 506 NW2d 618 (1993); *People v Flowers,* 191 Mich App 169, 174; 477 NW2d 473 (1991). There must be evidence of each element of the crime charged or evidence from which the elements can be inferred. The magistrate need not establish guilt beyond a reasonable doubt. *Id.,* p 179.

The parental kidnapping statute states:

An adoptive or natural parent of a child shall not take that child, or retain that child for more than 24 hours, with the intent to detain or conceal the child from any other parent or legal guardian of the child who has custody or visitation rights pursuant to a lawful court order at the time of the taking or retention, or from the person or persons who have adopted the child, or from any other person having lawful charge of the child at the time of the taking or retention. [MCL 750.350a(1); MSA 28.582(1)(1).]

Whether official notice was required in order to permit the magistrate to bind over the defendant depends on the intent of the Legislature. The language of the statute is the best source for

determining legislative intent. *People v Bewers-dorf,* 438 Mich 55, 73; 475 NW2d 231 (1991). All provisions of the Penal Code are construed according to the fair import of their terms. *People v Thomas,* 438 Mich 448, 454; 475 NW2d 288 (1991); *People v Sherman,* 188 Mich App 91, 93; 469 NW2d 19 (1991).

A fair reading of this statute reveals no requirement that a parent be formally served with a custody order before he or she can be charged with parental kidnapping. It requires only that the party from whom the child is taken have "custody or visitation rights pursuant to a lawful court order at the time of the taking or retention." At the time defendant took the children, an ex parte order granting sole custody to Mrs. McBride had been entered.

The statute also establishes a specific intent element:

> [T]he intent to detain or conceal the child from any other parent or legal guardian of the child who has custody or visitation rights pursuant to a lawful court order at the time of the taking or retention. [MCL 750.350a(1); MSA 28.582(1)(1).]

Intent is a question of fact to be inferred from the circumstances by the trier of fact. *Flowers,* p 178. At the preliminary examination, Mrs. McBride testified that her husband left a note for her from which the specific intent to take, detain and conceal the children can be inferred. Her testimony was sufficient to permit the magistrate to establish, as a matter of law, that defendant probably committed the offense charged. The magistrate did not abuse his discretion in binding defendant over for trial.

III

Furthermore, the trial court erred when it concluded that formal notice was an element of the offense and used the conclusion as the basis for dismissing the charge. First, as discussed above, the plain language of the statute sets forth no such requirement. In addition, the general rule is that an ex parte order is effective upon entry and enforceable upon service. MCR 3.207. The date of signing an order is the date of entry. MCR 2.602. The instant case is not an action for enforcement of an order. Consequently, formal service was not required. It may be relevant to defendant's intent in taking the children, as would Mrs. McBride's testimony that she told defendant about the order some time before this incident.

The policy underlying the parental kidnapping statute would be ill served if one parent could evade service of process, remove children from the custodial parent, then successfully claim immunity from prosecution.

We vacate the trial court's order dismissing the charge of parental kidnapping and reinstate the charge.