PEOPLE v PREMEN

Docket No. 152049. Submitted November 3, 1994, at Detroit. Decided
    April 21, 1995, at 11:10 A.M. Leave to appeal sought.

   Victor Premen was convicted by a jury in the Wayne Circuit
   Court, Michael J. Callahan, J., of three counts of filing a false
   claim for health care benefits. The convictions arose from
   instances in which the defendant, a licensed dentist, billed Blue
   Cross and Blue Shield of Michigan for applying amalgams to
   the teeth of three patients when in actuality sealants, which
   were not a covered benefit, were applied. The defendant ap-
   pealed.

      The Court of Appeals *held:*

      1. The act that the defendant violated, the Health Care False
   Claim Act, MCL 752.1001 *et seq.*; MSA 28.547(101) *et seq.*, is
   not unconstitutionally vague. The statute gives a person of
   ordinary intelligence a reasonable opportunity to know what
   conduct is prohibited and allows such a person to avoid that
   conduct. The evidence was sufficient to permit the jury to find
   that the defendant engaged in a systematic attempt to defraud
   Blue Cross and that the claims did not occur as a result of a
   mistake.

      2. The provisions of the act are not broader than its title, and
   the act establishes health care fraud as a specific intent crime.

      3. The act is constitutional. It requires an actor, it does not
   eliminate the prosecution's burden of proof, and it does not
   eliminate the presumption of innocence or shift the burden of
   proof.

      4. The magistrate correctly used a probable cause standard in
   binding the defendant over for trial. The evidence presented to
   the magistrate was sufficient to support the decision to bind the
   defendant over for trial and no abuse of discretion occurred.

      5. No violation of § 8 of the act, MCL 752.1008; MSA
   28.547(108), occurred when notice was not sent to the Attorney
   General and the defendant before an investigation of the

REFERENCES
Am Jur 2d, False Pretenses §§ 1-76.
See ALR Index under False Pretenses.

defendant was commenced by a private investigator working on behalf of Blue Cross.

6. The trial court did not abuse its discretion in admitting similar acts evidence or in denying the defendant's motion for a new trial. The evidence was sufficient to support the conviction. Affirmed.

1. CRIMINAL LAW — HEALTH CARE FALSE CLAIM ACT — CONSTITUTIONAL LAW.

The Health Care False Claim Act gives a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited by the act and allows a person to avoid that conduct; the act is not unconstitutionally vague (MCL 752.1001 *et seq.*; MSA 28.547[101] *et seq.*).

2. CRIMINAL LAW — HEALTH CARE FALSE CLAIM ACT — CONSTITUTIONAL LAW.

The provisions of the Health Care False Claim Act are not broader than its title; the act does not violate the title-object clause of the constitution (Const 1963, art 4, § 24; MCL 752.1001 *et seq.*; MSA 28.547[101] *et seq.*).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Karen M. Woodside,* Assistant Prosecuting Attorney, for the people.

*Tuchow & Trahey Law Offices* (by *Gerald Tuchow*) (*Charles H. Noble,* of Counsel), for the defendant.

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and E. R. POST,* JJ.

FITZGERALD, P.J. Defendant is a licensed dentist. Following a jury trial, he was convicted of three counts of filing a false claim for health care benefits, MCL 752.1003(3); MSA 28.547(103)(3), and was sentenced to two years' probation. Defendant was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

also ordered to pay restitution in the amount of $4,000. He appeals as of right. We affirm.

Defendant's convictions arose from instances in which he billed Blue Cross and Blue Shield of Michigan for applying amalgams to the teeth of three children when in actuality sealants, which were not a covered benefit, were applied. The statute under which defendant was convicted, subsection 3 of § 3 of the Health Care False Claim Act, MCL 752.1003(3); MSA 28.547(103)(3), provides:

> A person shall not knowingly make or cause to be made a false statement or false representation of a material fact to a health care corporation or health care insurer for use in determining rights to health care benefits. Each claim which violates this subsection shall constitute a separate violation.

Subsection h of § 2 of the act provides that "knowingly" means:

> [T]hat a person is in possession of facts under which he or she is aware or should be aware of the nature of his or her conduct and that his or her conduct is substantially certain to cause the payment of a health care benefit. "Knowing" or "knowingly" does not include conduct which is an error or mistake unless the person's course of conduct indicates a systematic or persistent tendency to cause inaccuracies to be present. [MCL 752.1002(h); MSA 28.547(102)(h).]

Subsection c of § 2 defines "false" as "wholly or partially untrue or deceptive." Subsection b of § 2 defines "deceptive" as "making a claim to a health care corporation or health care insurer which contains a statement of fact or which fails to reveal a material fact, which statement or failure

leads the health care corporation or health care insurer to believe the represented or suggested state of affair to be other than it actually is."

On appeal, defendant raises three arguments in support of his assertion that the act is unconstitutional. First, defendant maintains that § 3 is unconstitutionally vague because it does not provide fair notice of the conduct proscribed and because it is so indefinite that it confers unlimited discretion on the trier of fact to determine whether an offense was committed. Such challenges must be examined in the light of the facts at hand. *People v Gunnett,* 158 Mich App 420, 426; 404 NW2d 627 (1987), after remand 182 Mich App 61; 451 NW2d 863 (1990).

A statute must be sufficiently clear and definite to give a person of common intelligence fair notice of prohibited conduct. *Allison v Southfield,* 172 Mich App 592, 596; 432 NW2d 369 (1988). The statute, on its face, provides that a person, as defined by the statute, may not make an untrue or partially untrue statement or representation on a claim to a health care insurer. The person must be aware, or should be aware, of the nature of the untrue statement or representation, and aware that this statement will, with substantial certainty, cause payment of a health care benefit. Giving the word "untrue" its ordinary meaning, *People v Jackson,* 140 Mich App 283, 287; 364 NW2d 310 (1985), the statute gives a person of ordinary intelligence a. reasonable opportunity to know what conduct is prohibited, and allows such a person to avoid that conduct. *People v Hayes,* 421 Mich 271, 284; 364 NW2d 635 (1984).

The gist of defendant's argument, however, is that the terms of the statute are liberal enough to include a clerical mistake. We disagree. The defini-

tion of "knowingly" specifically excludes inadvertent error unless a "systematic or persistent tendency" toward inaccuracies is present. Further, a defendant can not challenge a statute by asserting the hypothetical rights of others. *Gunnett, supra,* 158 Mich App 427. Although defendant claims that the false claims were the result of clerical mistakes, the evidence was sufficient to permit a rational trier of fact to find that defendant engaged in a systematic attempt to defraud Blue Cross and that the claims did not occur as the result of a mistake.[1]

Subsection 2 of § 7 of the statute creates a rebuttable presumption that a person knowingly made a claim for a health care benefit if the person signed or stamped the health care claim. MCL 752.1007(2); MSA 28.547(107)(2). Defendant maintains that the presumption eliminates the element of intent by nullifying that portion of the definition of "knowingly" that provides an exception for errors or mistakes.

The standard for presumptions in criminal cases was set forth in *Leary v United States,* 395 US 6, 33-34; 89 S Ct 1532; 23 L Ed 2d 57 (1969):

> [A] statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience. This is not to say that a valid presumption may not be created upon a view of relation broader than that a jury might take in a specific case. But where the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them, it is not competent for the legislature to create it as a rule governing the procedure of courts.

---

[1] See *infra.*

Here, there is a rational connection between the fact proved and the fact presumed. Nonetheless, the statute provides for situations wherein the connection between the fact proved and the fact presumed is not established by making the presumption rebuttable. Evidence that the claims were submitted as the result of an error could, therefore, rebut the presumption and prevent a conviction where the claims were not knowingly made. We decline to reverse on vagueness grounds.

Second, defendant claims that the act violates the title-object clause of Const 1963, art 4, § 24. Specifically, defendant maintains that the provisions of the act are broader than the title because the act allows prosecution for conduct that is not accompanied by fraudulent intent. Defendant fails to recognize, however, that the act requires that any false statement or representation be made "knowingly." Where a statute requires that the criminal act be committed "knowingly," the crime is a specific intent crime. *People v American Medical Centers of Michigan, Ltd,* 118 Mich App 135, 153; 324 NW2d 782 (1982). Accordingly, health care fraud is a specific intent crime.

Defendant further claims that the statute is broader than its title, which discusses fraud "in the obtaining of benefits or payments in connection with health care coverage and insurance," because the statute does not require receipt of benefits. We disagree. Mirroring the title, the statute requires that the false statement or representation be made "for use in determining rights to health care benefits." MCL 752.1003(3); MSA 28.547(103)(3).

Last, defendant argues that the statute is unconstitutional because it (1) requires no actor, (2) eliminates the prosecution's burden of proof, and (3) eliminates the presumption of innocence.

Statutes are presumed to be constitutional and are to be so construed unless their unconstitutionality is clearly apparent. *Caterpillar, Inc v Dep't of Treasury,* 440 Mich 400, 413; 488 NW2d 182 (1992); *People v Trinity,* 189 Mich App 19, 21; 471 NW2d 626 (1991). Every reasonable presumption must be indulged in favor of a statute's constitutionality. *Petrus v Dickinson Co Bd of Comm'rs,* 184 Mich App 282, 293; 457 NW2d 359 (1990).

First, the act requires an actor. There must be a "person," as statutorily defined, who makes a false statement or representation. MCL 752.1003(3); MSA 28.547(103)(3).

Second, the offense is a specific intent crime. Where knowledge is an element of an offense, it includes both actual and constructive knowledge. *People v American Medical Centers, supra* at 154. Hence, the statute does not eliminate the element of knowledge by providing that it is not necessary to show that a provider "had actual notice that the acts by the persons acting on the person's behalf occurred." MCL 752.1007(1); MSA 28.547(107)(1). Rather, the statute merely addresses the prosecutor's burden of proof.

Finally, the presumption of knowledge does not eliminate the presumption of innocence or shift the burden of proof. The Fourteenth Amendment of the United States Constitution requires that the prosecution prove every element of a criminal offense beyond a reasonable doubt. *Sandstrom v Montana,* 442 US 510, 520; 99 S Ct 2450; 61 L Ed 2d 39 (1979). Thus, the prosecution may not use a conclusive presumption, or one that shifts the burden of persuasion to a defendant. Here, the statute creates a "rebuttable presumption." Such a presumption shifts only the burden of production, not the burden of persuasion. Nonetheless, the

trial court did not instruct the jury regarding the presumption and, therefore, the presumption had no effect on defendant's trial. *Gunnett, supra,* 158 Mich App 427.

Next, we reject defendant's argument that the magistrate utilized an incorrect standard in binding defendant over for trial. A probable cause standard regarding the commission of the crime is consistent with the governing statute. *People v Fiedler,* 194 Mich App 682, 689; 487 NW2d 831 (1992); MCL 766.13; MSA 28.931.

Defendant also challenges the sufficiency of the evidence presented at the preliminary examination to bind him over for trial. A defendant must be bound over for trial if evidence is presented at the preliminary examination that a crime has been committed and there is probable cause to believe that the defendant was the perpetrator. MCL 766.13; MSA 28.931; *People v McBride,* 204 Mich App 678, 681; 516 NW2d 148 (1994). At that stage, the prosecutor is not required to prove each element beyond a reasonable doubt. *Id.* However, there must be some evidence from which these elements may be inferred. *People v Coddington,* 188 Mich App 584, 591; 470 NW2d 478 (1991). Thus, circumstantial evidence and reasonable inferences arising from the evidence may be sufficient to justify binding over the defendant. *Id.* On appeal, we will not substitute our judgment for that of the examining magistrate unless an abuse of discretion is apparent. *People v Talley,* 410 Mich 378, 385; 301 NW2d 809 (1981).

The elements of the offense under MCL 752.1003(3); MSA 28.547(103)(3) are: (1) a false statement or false representation, (2) of a material fact, (3) made knowingly, (4) to a health care corporation or health care insurer, (5) for use in determining rights to health care benefits.

During the preliminary examination, evidence was presented that claim forms that had been used to bill Blue Cross for amalgams contained defendant's signature and his provider number. The patients' charts for those billings contained a notation that sealants had been performed upon those patients. Evidence was presented that the patients were in fact given sealants, that sealants were not a covered benefit, and that defendant's assistants routinely billed for amalgams when sealants were performed. One dental assistant testified that defendant looked over the forms before signing them and liked to make sure that they were correct. Another dental assistant testified that she was instructed to use the code for amalgams when sealants were applied. In each of the cases where amalgams were falsely billed, Blue Cross made a payment. After reviewing the evidence presented, we cannot say that the district court magistrate abused his discretion when he bound over defendant.[2]

Next, defendant contends that dismissal of the criminal action is required because notice was not sent to the Attorney General and to defendant pursuant to § 8 of the act before an investigation of defendant commenced. We disagree. MCL 752.1008(1) and (2); MSA 28.547(108)(1) and (2) clearly apply only to investigations by "the attorney general or a prosecuting attorney." The investigation in this case was conducted by a private investigator working on behalf of Blue Cross. Consequently, no violation of § 8 occurred. Further, a review of § 8 reveals that the statute is not jurisdictional. Rather, the statute provides a comprehensive investigation and discovery system.

---

[2] The magistrate's erroneous conclusion that health care fraud is not a specific intent crime is rendered harmless by the sufficiency of the evidence of intent presented at the preliminary examination.

Defendant also contends that the trial court abused its discretion in admitting similar acts evidence of other instances in which he performed sealants and billed for amalgams. The argument is without merit. The evidence was offered for the purpose of showing the absence of mistake, it was relevant, and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *People v VanderVliet,* 444 Mich 52, 55; 508 NW2d 114 (1993).

Defendant also claims that the trial court erred in denying his motion for a directed verdict because the evidence was insufficient to sustain his conviction. Specifically, defendant maintains that the element of intent was not established beyond a reasonable doubt.

When ruling on a motion for a directed verdict, the trial court must consider the evidence presented by the prosecutor up to the time the motion was made in the light most favorable to the prosecution and determine whether a rational trier of fact could find the essential elements of the charged crime were proven beyond a reasonable doubt. *People v Jolly,* 442 Mich 458, 466; 502 NW2d 177 (1993). When reviewing a trial court's ruling on a motion for a directed verdict, this Court tests the validity of the motion by the same standard as the trial court. *People v Daniels,* 192 Mich App 658, 665; 482 NW2d 176 (1992).

Viewed in a light most favorable to the prosecution, the evidence was sufficient to permit a rational trier of fact to find that defendant knowingly made or caused to be made a false representation of material fact to Blue Cross for use in determining rights to benefits. The case boiled down to a credibility contest between defendant on the one hand and one of defendant's assistants and

the investigator for Blue Cross on the other. Questions of credibility are left to the trier of fact, and will not be resolved anew by this Court. *People v Velasquez*, 189 Mich App 14, 16; 472 NW2d 289 (1991).

Last, relying on the allegations of error presented on appeal, defendant argues that the trial court abused its discretion in denying his motion for a new trial. Because we have found no error, and because the verdict is not against the great weight of the evidence, MCR 2.611(A)(1)(e), we find defendant's argument to be without merit.

Affirmed.