*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 18, 2021

Plaintiff-Appellee,

v

No. 349997
Clare Circuit Court
LC No. 19-006078-FH

KATHELE MARANDA-DOWN CHURCHILL,

Defendant-Appellant.

Before: BECKERING, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals her bench-trial conviction of taking or retaining a child by an adoptive or natural parent, MCL 750.350a(1). The trial court sentenced defendant, as a second-offense habitual offender, MCL 769.10, to six months' imprisonment and one year of probation. We affirm.

## I. BACKGROUND

This case arises out of an incident on August 11, 2018, in which defendant drove away from a park with her two minor children, taking them from their father, Christopher Churchill. Under the parent's custody agreement, Christopher had sole physical custody of the children and defendant received alternating weeks of parenting time in the summer. According to Christopher, defendant had not sought to exercise her parenting time since June 6, 2018, when he denied her parenting time because of concerns about her living situation. Defendant contacted Christopher on August 10 and asked to set up parental visitation. It was Christopher's week to have the children under the custody agreement and he agreed to set up a visitation with defendant at the park.

Christopher testified that the first 20 minutes of the visit went well, but that defendant was only "somewhat engaging" the children and "kept looking over to the road . . . ." When three of defendant's friends arrived in a white vehicle, defendant called the children over to her and whispered to them. The children then started running toward defendant's van. Christopher called the children's names, and they stopped running and started to come back to him, but defendant grabbed the children and took them to her vehicle. Two of defendant's friends tried to block Christopher from getting to the children. Christopher got around them and ran in front of

-1-

defendant's vehicle. One of the friends grabbed Christopher and pulled him to the ground, and defendant left with the children.

Christopher immediately notified law enforcement. Deputy Sheriff Joshua Loudenslager was dispatched to the scene and saw the license plate number for the white vehicle from a video taken by a witness in the park. The address for the vehicle was in Roscommon County, and Loudenslager coordinated with the Roscommon County Sheriff's Department, who went to the address but did not find defendant and the children. The next day, Loudenslager received confirmation that defendant and the children were at the address. Defendant was arrested and the children were returned to Christopher.

## II. ANALYSIS

Defendant first argues that there was insufficient evidence presented that she intended to detain or conceal the children from Christopher. We disagree.[1]

Michigan's parental kidnapping statute provides, in part:

> An adoptive or natural parent of a child shall not take that child, or retain that child for more than 24 hours, with the intent to detain or conceal the child from any other parent or legal guardian of the child who has custody or parenting time rights under a lawful court order at the time of the taking or retention. [MCL 750.350a(1).]

The intent to detain or conceal the child is a specific-intent element. *People v McBride*, 204 Mich App 678, 682; 516 NW2d 148 (1994). Because intent is a question of fact, the trier of fact may infer intent from the circumstances. *Id*. "Minimal circumstantial evidence and reasonable inferences can sufficiently prove the defendant's state of mind, knowledge, or intent." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019).

Defendant argues that she did not intend to detain or conceal the children from Christopher because he agreed that she could take the children for an overnight visit. This contention is not supported by the record. It was Christopher's parenting time and he testified that he agreed only to allow defendant to visit the children in the park under his supervision. Further, Deputy Loudenslager spoke with defendant at the Roscommon address and testified that she agreed that Christopher did not consent to her taking the children, which is evident from events at the park. Christopher called the children back to him after defendant directed them to her vehicle. Defendant and her three friends then acted in concert to facilitate the taking of the children, which shows

---

[1] We review de novo a claim that the evidence in a bench trial was insufficient. *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). "The evidence is viewed in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proven beyond a reasonable doubt." *Id*. at 474. Conflicts of evidence "must be resolved in favor of the prosecution." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

premeditation and intent. Christopher tried to prevent the children from getting into defendant's van but was blocked by defendant's friends, and he physically tried to block the van before he was pulled away. It was reasonable for the trial court to infer from this testimony that defendant did not actually believe that Christopher had agreed to let her take the children from the park.[2]

Defendant also argues that she could not have intended to conceal the children from Christopher because she took them back to her residence, and Christopher knew where she was staying. However, Christopher testified that he "knew for a fact" that defendant was homeless at the time. He explained that defendant "wasn't staying at the residence where she was telling me she was staying at," and that "if she wasn't staying in her vehicle or . . . at a camp park, or with a variety of friends, she was with Laura Miller," one of her friends present at the park. This testimony indicates that Christopher did not actually know where defendant was staying. Further, Deputy Loudenslager testified that defendant did not immediately return to the Roscommon address with the children, indicating concealment. Lastly, regardless of whether defendant acted with the intent to conceal the children, there was sufficient evidence that she acted with an intent to *detain* the children from Christopher. See MCL 750.350a(1) ("An adoptive or natural parent of a child shall not take that child . . . with the intent to detain *or* conceal the child . . . .") (emphasis added).

In sum, viewed in the light most favorable to the prosecution, the evidence was sufficient for the trial court to find that defendant acted with the specific intent to detain or conceal the children.

Defendant also argues that there was insufficient evidence that she took or retained the children for more than 24 hours. Defendant's argument rests on her assertion that MCL 750.350a(1) requires a parent to either take or retain the child for over 24 hours to be convicted of parental kidnapping. However, MCL 750.350a(1) plainly presents alternative grounds for conviction, one of which does not require evidence that the defendant retained the children for more than 24 hours.[3]

Again, the parental kidnapping statute provides, in relevant part, that a natural or adoptive parent of a child "shall not take that child, *or* retain that child for more than 24 hours, with the intent to detain or conceal the child from any other parent . . . ." MCL 750.350a(1) (emphasis added). The Legislature's use of the disjunctive term "or" shows that there are two alternative ways to commit the crime. See *People v Kowalski*, 489 Mich 488, 499; 803 NW2d 200 (2011).

---

[2] Defendant's brief mentions in passing an argument that Christopher initially agreed to let her take the children but then changed his mind. Even assuming that would provide a legal defense, the trial court sitting as the trier of fact did not agree and the record does not support defendant's argument.

[3] The goal of statutory interpretation is to "ascertain and give effect to the Legislature's intent." *People v Wambar*, 300 Mich App 121, 124; 831 NW2d 891 (2013) (quotation marks and citation omitted). "The words of a statute provide the most reliable indicator of the Legislature's intent and should be interpreted on the basis of their ordinary meaning and the overall context in which they are used." *Id*. (quotation marks and citation omitted).

First, a parent is guilty of parental kidnapping if he or she takes a child, for any amount of time, with the requisite intent. Second, a parent is also guilty of parental kidnapping if he or she improperly retains a child for over 24 hours. Accord M Crim JI 19.6. Indeed, this understanding of the statute was repeated multiple times throughout the trial by the prosecutor and the trial court. Although the trial court found that both theories were proved beyond a reasonable doubt, we decline to address whether defendant kept the children for over 24 hours because, as discussed, there was sufficient evidence that defendant was guilty of parental kidnapping under the "taking" theory.

      Affirmed.

                                      /s/ Jane M. Beckering
                                      /s/ David H. Sawyer
                                      /s/ Douglas B. Shapiro