# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

                    Plaintiff-Appellee,

v

ROLA SAMIR KOLAILAT,

                    Defendant-Appellant.

UNPUBLISHED
May 8, 2018

No. 339742
Washtenaw Circuit Court
LC No. 16-000798-FH

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of aggravated stalking, MCL 750.411i. The trial court sentenced defendant to a suspended six-month jail sentence and five years' probation. We affirm.

This case arises out of the stalking and harassment of the victim. Defendant and the victim were involved in a romantic relationship for nine years. The victim had one child, an 18-month-old daughter, when she met defendant. She gave birth to another child during the relationship.[1] In March 2014, the victim ended the relationship but allowed defendant to see the children. However, the victim stopped allowing the visits because, according to the victim, defendant's behavior became inappropriate. The victim testified that in one instance, defendant was visiting the children at the victim's home and, after the victim fell asleep, she woke up with defendant on top of her. The victim tried to leave the house, but defendant would not let her. In another instance, the victim was doing laundry, and defendant "burst in" and held her down. Defendant threatened to tie up the victim in the basement. At that point, the victim did not believe that she could allow defendant to continue coming over to see the children.

---

[1] The victim underwent the process of artificial insemination from an anonymous donor to conceive this child. After the relationship ended, defendant petitioned the trial court to be recognized as an equitable parent of this child. However, the trial court granted the victim's motion for summary disposition under MCR 2.116(C)(8) because defendant lacked standing to initiate a child custody action. This Court affirmed the trial court's decision. *Kolailat v McKennett*, unpublished per curiam opinion of the Court of Appeals, issued December 17, 2015 (Docket No. 328333).

According to the victim, defendant did not want the relationship to end. Defendant would come to the victim's home unannounced when the victim was not home. Defendant also sent excessive text messages that the victim felt were "attacking" and "harassing." The victim testified that she was afraid to stay at her house and started staying with her friends. The victim applied for and received a PPO in September 2014. However, defendant immediately began violating the PPO. Thus, on December 22, 2014, the PPO was amended to state that defendant was prohibited from entering the victim's residence or premises. Defendant, again, ignored this PPO and continued to have contact with the victim. Following a trial, the jury convicted defendant as stated above. This appeal followed.

First, defendant argues that the evidence was insufficient to support her conviction for aggravated stalking. We disagree.

When reviewing a sufficiency of the evidence claim, this Court reviews the evidence de novo. *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). This Court reviews "the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution had proved the crime's elements beyond a reasonable doubt." *Id*.

MCL 750.411i(1)(e) defines "stalking" as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." According to MCL 750.411(1)(d), "harassment" is

> conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose.

MCL 750.411i(1)(c) defines "emotional distress" as "significant mental suffering or distress that may, but does not necessarily, require medical or other professional treatment or counseling."

"Course of conduct" means "a pattern of conduct composed of a series of 2 or more separate noncontiguous acts evidencing a continuity of purpose." MCL 750.411i(1)(a). MCL 750.411i(1)(f) defines "unconsented contact" as

> any contact with another individual that is initiated or continued without that individual's consent or in disregard of that individual's expressed desire that the contact be avoided or discontinued. Unconsented contact includes, but is not limited to, any of the following:
>
> (*i*) Following or appearing within the sight of that individual.
>
> (*ii*) Approaching or confronting that individual in a public place or on private property.
>
> (*iii*) Appearing at that individual's workplace or residence.

(*iv*) Entering onto or remaining on property owned, leased, or occupied by that individual.

(*v*) Contacting that individual by telephone.

(*vi*) Sending mail or electronic communications to that individual.

(*vii*) Placing an object on, or delivering an object to, property owned, leased, or occupied by that individual.

Pursuant to MCL 750.411i(2)(a), "[a]n individual who engages in stalking is guilty of aggravated stalking if . . . [a]t least 1 of the actions constituting the offense is in violation of a restraining order and the individual has received actual notice of that restraining order . . . ."

At the outset, although defendant appears to dispute the validity of the PPO, there is no dispute that the victim was granted a PPO against defendant in September 2014 (which was amended in December 2014) or that defendant had notice of that order. See MCL 750.411i(2)(a).

Next, there was sufficient evidence that defendant committed two or more willful, separate, and noncontinuous acts of unconsented contact with the victim. See MCL 750.411i(1)(e). In this case, the victim testified that defendant continued to send her e-mails and text messages, and delivered items to her home even after the PPO was amended in December 2014, and it was clear that the victim did not want defendant to contact her or visit her home. In fact, the victim explained that defendant created a fake profile on a dating website to communicate and eventually set up a face-to-face meeting with her. Defendant also sent the victim an e-mail from her personal e-mail address asking the victim to attend a concert with her. See MCL 750.411i(1)(f)(*vi-vii*). This conduct was clearly willful and not the result of an accident or mistake. As a result, a reasonable jury could conclude that defendant made two or more willful, separate, and noncontinuous acts of unconsented contact with the victim. See MCL 750.411i(1)(e).

There was also sufficient evidence that the contact would cause a reasonable individual to suffer emotional distress and feel terrorized, frightened, intimidated, threatened, harassed, or molested. MCL 750.411h(1)(d)-(e). A reasonable person would be distressed by discovering that an ex-partner created a fake dating website profile to communicate with them in direct violation of a court order. Furthermore, considering the context and history of this case, a reasonable person would be distressed by defendant's continuing text messages, e-mails, and packages, even if the content of the messages or packages was not directly threatening.

Moreover, there was evidence that defendant's unconsented contact actually caused the victim to suffer emotional distress and feel terrorized, frightened, intimidated, threatened, harassed, or molested, because she testified that that the messages and packages made her feel concerned and cautious, that she was unsure whether defendant's messages would ever stop, and that she felt "confused and violated" when she discovered defendant's packages outside of her home. See *People v Kieronski*, 214 Mich App 222, 233; 542 NW2d 339 (1995) (concluding that the evidence raised an inference that the defendant's "unconsented contact and apparent threats would cause a reasonable person to suffer significant mental distress" and "evidence was

presented that [the] defendant's unconsented contact actually caused [the victim] to suffer significant mental distress, because she testified that [the] defendant had intimidated or put her in fear on more than one occasion and that she was in fear at the time of the preliminary examination"). Thus, a reasonable jury could find that defendant's unconsented contact would cause a reasonable person to suffer emotional distress and feel terrorized, frightened, intimidated, threatened, harassed, or molested, and actually did cause the victim to suffer emotional distress and feel terrorized, frightened, intimidated, threatened, harassed, or molested. See MCL 750.411h(1)(d)-(e).

Based on the foregoing, a reasonable jury could find that the prosecution proved the elements of aggravated stalking beyond a reasonable doubt. See *Lane*, 308 Mich App at 57.

Second, defendant contends that the trial court violated her constitutional rights by not properly instructing the jury that the prosecution had to prove that defendant possessed the specific intent to harass the victim. In the alternative, defendant contends that defense counsel was ineffective for failing to object to the jury instructions. We disagree.

As an initial matter, the trial court asked whether there were any objections to the jury instructions before testimony started on the second day of trial and before dismissing the jury for deliberations. Defense counsel expressed his approval of the jury instructions both times. "Thus, by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review." *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011).

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's "factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). However, because the trial court denied defendant's motion for a retrial, this Court's review of her ineffective assistance of counsel claim is limited to errors apparent on the record. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

Although defendant waived her substantive challenge to the jury instructions, she appears to argue, at least in part, that her defense counsel was ineffective for failing to object to jury instructions. To prevail on a claim of ineffective assistance of counsel, a defendant must establish that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). "A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and he must show that, but for counsel's error, the outcome of the trial would have been different." *Id*.

Defendant is correct that aggravated stalking requires "a *willful* course of conduct." MCL 750.411i(1)(e) (emphasis added). However, she is incorrect in her contention that aggravated stalking requires her actions to have been intended to cause harassment to the victim. A plain reading of the statute shows that the word "willful" modifies the "course of conduct"

requirement. In other words, the statute excludes unintended and innocent contact between defendant and the victim. Thus, the prosecution is not required to prove that defendant subjectively intended to harass the victim with her contact.

Further, the trial court provided the following instructions to the jury:

Defendant is charged with stalking. To establish this charge, the Prosecutor must prove each of the following six elements beyond a reasonable doubt:

First, that the Defendant committed two or more willful, separate, and noncontinuous acts of unconsented contact with [the victim].

"Unconsented contact" means any contact with another individual that is initiated or continued without that individual's consent or in disregard of that individual's expressed desire that the contact be avoided or discontinued. Unconsented contact includes, but is not limited to, any of the following:

Following or appearing within the sight of that individual.

Approaching or confronting that individual in a public place or on private property.

Appearing at the individual's workplace or residence.

Entering onto or remaining on property owned, leased, or occupied by that individual.

Contacting that individual by telephone.

Sending mail or electronic communications to that individual.

Placing an object on, or delivering an object to, property owned, leased or occupied by that individual.

Second, that the contact would cause a reasonable individual to suffer emotional distress.

Third, that the contact caused [the victim] to suffer emotional distress.

Fourth, that the contact would cause a reasonable individual to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

Fifth, that the contact caused [the victim] to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

And sixth, the stalking was committed in violation of a restraining order of which the Defendant had actual notice.

These instructions correlate to the Michigan Model Criminal Jury Instructions. See M Crim JI 17.25. Thus, defendant has failed to show that the jury instructions were constitutionally deficient.

Based on the foregoing, defense counsel was not ineffective for failing to request a specific-intent jury instruction because one was not necessary in this case. "Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion." *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003).

Defendant also argues that her defense counsel was ineffective for only presenting a portion of the evidence that she provided and making decisions regarding the case without consulting her. However, she does not explain what additional evidence defense counsel should have presented or what decisions he made without consulting her. "Defendant may not leave it to this Court to search for a factual basis to sustain or reject his position." *People v Traylor*, 245 Mich App 460, 464; 628 NW2d 120 (2001) (quotation marks and citation omitted). As a result, defendant has failed to show that her counsel was deficient for any of these reasons. Accordingly, her ineffective assistance of counsel argument fails. See *Sabin (On Second Remand)*, 242 Mich App at 659.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

-6-