*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MATTHEW LAWRENCE FURMAN,

Defendant-Appellant.

UNPUBLISHED
October 27, 2022

No. 355416
Wayne Circuit Court
LC No. 19-007623-01-AR

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

On remand from the Michigan Supreme Court, defendant appeals by leave granted the order of the Wayne Circuit Court reversing an order by the 24th District Court granting defendant's motion to withdraw his *nolo contendere* plea. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant, a sergeant with the Melvindale Police Department, was charged with misdemeanor assault or assault and battery, MCL 750.81, and willful neglect of duty, MCL 750.478. These charges arose from defendant's response to a domestic disturbance call in February 2019. While inside the residence, defendant threw a food bowl and used coarse language toward the inhabitants. Defendant also forced an individual to the basement, and the individual fell down the stairs.

Furman pleaded no contest under a plea agreement. In exchange for Furman's no-contest plea to willful neglect of duty, the prosecution agreed to dismiss the assault and battery charge. The plea agreement contained a sentence agreement of one-year probation, among other conditions. When the prosecutor stated the terms of the agreement on the record, he made no mention of a delayed sentence under MCL 771.1.[1] Neither did defense counsel. During the plea

---

[1] This statute provides that "[i]n an action in which the court may place the defendant on probation, the court may delay sentencing the defendant for not more than 1 year to give the defendant an

-1-

colloquy, the district court advised Furman of his trial rights. The district court did not, however, ask whether the plea was the result of undisclosed promises. Item 6 of the plea form, which provided checkboxes for the prosecutor's recommendation for six types of deferred sentences and sentencing alternatives, including MCL 771.1, was unchecked. Furman also signed a SCAO Form DC 213, Advice of Rights, summarizing his constitutional trial rights for misdemeanors. The district court accepted defendant's plea, and he was later sentenced according to the plea agreement. Without prompting, the prosecutor stated at sentencing that "[t]he only indication that we had was that this could not be held under [MCL] 771.1[,] that this was a plea that must remain." In other words, that there was no recommendation for a delayed sentence under the statute.

After sentencing, defendant moved the district court to withdraw his plea on the basis of ineffective assistance of counsel. According to defendant, he received assurances from defense counsel that he would receive a deferred sentence under MCL 771.1. Defendant claimed that he only entered the no-contest plea on the basis of this assurance. The district court granted defendant's motion without explanation.

The prosecution appealed to the circuit court. The circuit court reversed the district court's order granting the plea withdrawal. Defendant filed leave to appeal in this Court, which was denied. *People v Furman*, unpublished order of the Court of Appeals, entered December 17, 2020 (Docket No. 355416). Defendant then sought leave to appeal in the Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to this Court as on leave granted. *People v Furman*, 507 Mich 1003; 961 NW2d 178 (2021).

## II. PLEA WITHDRAWAL

Defendant argues that the circuit court erroneously reversed the district court order allowing the withdrawal of defendant's no-contest plea. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

A defendant preserves issues related to a plea withdrawal when "the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal." MCR 6.310(D); see also *People v Armisted*, 295 Mich App 32, 45-46; 811 NW2d 47 (2011). Defendant first claims the circuit court erred in reversing the district court's order because he was denied effective assistance of counsel when counsel allegedly assured defendant he would receive a delayed sentence under MCL 771.1. This argument is preserved because defendant made the same argument in the motion to withdraw his plea. MCR 6.310(D). Defendant's second argument in this appeal avers plea withdrawal was warranted because the district court failed to ask him during the plea-taking process whether anyone promised him anything outside the plea agreement under MCR 6.302(C)(4)(a) and MCR 6.610(F)(6)(a). Defendant did not make this argument in his motion to withdraw his plea, nor did he raise it in

opportunity to prove to the court his or her eligibility for probation or other leniency compatible with the ends of justice and the defendant's rehabilitation . . . ." MCL 771.1(2).

response to the prosecution's appeal to the circuit court. Defendant raised this issue for this first time in this appeal. Therefore, defendant's second argument is unpreserved. MCR 3.310(D).

Where this Court is reviewing an appeal from the district court to the circuit court, this Court stands in the shoes of the circuit court. See *People v McBride*, 204 Mich App 678, 681; 516 NW2d 148 (1994). As such, this Court applies the same standard of review as the circuit court to the district court's decision. *Id*. "A trial court's ruling on a motion to withdraw a plea is reviewed for an abuse of discretion." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. A trial court also necessarily abuses its discretion when it makes an error of law." *Id*. (citation omitted).

This case also concerns the interpretation of statutes and court rules, which is reviewed de novo. *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 669 (2004). "The same broad legal principles governing the interpretation of statutes apply to the interpretation of court rules; therefore, when interpreting a court rule, this Court begins with the text of the court rule and reads the individual words and phrases in their context within the Michigan Court Rules." *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018).

With respect to defendant's preserved issue, "[t]he denial of effective assistance of counsel is a mixed question of fact and constitutional law, which are reviewed, respectively, for clear error and de novo." *People v Brown*, 279 Mich App 116, 140; 755 NW2d 664 (2008). "A decision is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *People v Howard*, 233 Mich App 52, 54; 595 NW2d 497 (1998) (quotation marks and citation omitted). Because, however, defendant did not move the district court or the circuit court for an evidentiary hearing under *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973), this Court's review is limited to mistakes apparent from the record. *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

Because defendant's argument regarding the district court's failure to adhere to the court rules and ask about outside promises is unpreserved, it is reviewed for plain error. *People v Hanks*, 276 Mich App 91, 92; 740 NW2d 530 (2007). "To establish plain error requiring reversal, a defendant must demonstrate that '1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.' " *Id*., quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "An error affects substantial rights when it impacts the outcome of the lower court proceedings." *People v Burkett*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351882); slip op at 2 (quotation marks and citation omitted). "Reversal is warranted only when the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings independently of the defendant's innocence." *People v Lockridge*, 498 Mich 358, 393; 870 NW2d 502 (2015).

## B. LAW AND ANALYSIS

Under MCR 6.302(A), a trial court may not accept a defendant's no-contest plea unless the court is convinced the plea is "understanding, voluntary, and accurate." A criminal defendant does not have the right to withdraw a plea after the trial court has accepted it, but a defendant "may move to have his or her plea set aside on the basis of an error in the plea proceedings." *People v*

*Brinkey*, 327 Mich App 94, 97; 932 NW2d 232 (2019) (quotation marks and citation omitted). MCR 6.310(C)(3), which governs, in part, motions to withdraw pleas after sentencing, states:

> If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. If the defendant elects to allow the plea and sentence to stand, the additional advice given and inquiries made become part of the plea proceeding for the purposes of further proceedings, including appeals.

"In other words, under MCR 6.310(C), a defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Blanton*, 317 Mich App 107, 118; 894 NW2d 613 (2016) (quotation marks, citation, and brackets omitted).

On a defendant's motion to withdraw a plea:

> If the trial court determines that a deviation affecting substantial rights occurred, it shall correct the deviation and give the defendant the option of permitting the plea to stand or of withdrawing the plea. If the trial court determines either a deviation did not occur, or that the deviation did not affect substantial rights, it may permit the defendant to withdraw the plea only if it does not cause substantial prejudice to the people because of reliance on the plea. [MCR 6.610(F)(8)(b).]

Defendant argues that the circuit court erred in reversing the district court's grant of his plea withdrawal in two ways. First, he argues his *nolo contendere* plea was not "knowingly, voluntarily, or intelligently" made because he received ineffective assistance of counsel when defense counsel incorrectly assured defendant he would receive a delayed sentence under MCL 771.1. Second, defendant contends withdrawal of his plea was warranted because the district court failed to follow the plea-taking process by failing to ask him whether "anyone has promised [him] anything beyond what is in the plea agreement" as required by MCR 6.610(F)(6)(a). We address each argument below.

## 1. INEFFECTIVE ASSISTANCE OF COUNSEL

The right to counsel is guaranteed by the United States and Michigan constitutions. US Const, Am VI; Const 1963, art 1, § 20. This includes the right to effective assistance of counsel, *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), which, by extension, applies to the plea-bargaining process, *Lafler v Cooper*, 566 US 156, 162; 132 S Ct 1376; 182 L Ed 2d 398 (2012). In *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984), the United States Supreme Court held a defendant's conviction could be reversed on the basis of ineffective assistance of counsel if defense counsel was "deficient" and defendant was prejudiced as a result. To demonstrate ineffective of counsel, a defendant must show: "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).

"A claim of ineffective assistance of counsel may be based on counsel's failure to properly inform the defendant of the consequences of accepting or rejecting a plea offer." *People v Douglas*, 296 Mich App 186, 205; 817 NW2d 640 (2012), aff'd in part and rev'd in part on other grounds 496 Mich 557 (2014), citing *Hill v Lockhart*, 474 US 52, 57-58; 106 S Ct 366; 88 L Ed 2d 203 (1985). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 US at 163. "The test is whether the attorney's assistance enabled the defendant to make an informed and voluntary choice between trial and a guilty plea." *People v Corteway*, 212 Mich App 442, 446; 538 NW2d 60 (1995). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 US at 59. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 US at 694.

"The failure to accurately inform a defendant of the consequences of his or her plea may constitute a defect in the plea-taking process because the defendant may not have been capable of making an understanding plea." *People v Coleman*, 327 Mich App 430, 443; 937 NW2d 372 (2019). "The court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A). "Guilty pleas have been found to be involuntary or unknowing on the basis of ineffective assistance of counsel where defense counsel failed to explain adequately the nature of the charges or the consequences of the guilty plea." *Corteway*, 212 Mich App at 445. This means defense counsel must provide defendant sufficient information to "make an informed and voluntary choice" as to his plea. *Id*. at 446.

In granting defendant's motion to withdraw the plea, the district court stated: "But [the plea] was placed on the record by the Prosecutor and everybody understood it. All right. How much time do you need to prepare for a jury trial?" From this statement, it is, at best, unclear whether the district court concluded that defendant was denied effective assistance of counsel. Ordinarily, we would remand the issue to the district court for an evidentiary hearing to establish a factual basis whether defendant was denied effective assistance of counsel, which defendant requests in his brief on appeal.

A remand for an evidentiary hearing is, however, unwarranted. This is the *second* appeal regarding this issue—the first being the prosecution's appeal to the circuit court. The basis of defendant's motion to withdraw his plea was because defendant believed he was not afforded effective assistance of counsel. Yet, defendant did not move for an evidentiary hearing in either the district court or the circuit court. The circuit court even mentioned the lack of an evidentiary hearing in its analysis. Defendant should not benefit from his failure to move for an evidentiary hearing in the first instance. See *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010) ("[A] party may not harbor error at trial and then use that error as an appellate parachute."). Because defendant failed to move the lower courts for an evidentiary hearing, the question of an evidentiary hearing as to the issue of effective assistance of counsel is waived by defendant. *Id*.

Further, remand for an evidentiary hearing is unwarranted because defendant failed to move this Court to remand under MCR 7.211(C)(1)(a)(ii), which states: "The appellant may move to remand to the trial court. The motion must identify an issue sought to be reviewed on appeal and show . . . that development of a factual record is required for appellate consideration of the

issue." Because defendant requests an evidentiary hearing in the context of his arguments on appeal, and not through a motion to this Court, it is procedurally inadequate for this Court's consideration. See *People v Bass*, 317 Mich App 241, 276 n 12; 893 NW2d 140 (2016) (rejecting a defendant's request for an evidentiary hearing because it was made in a Standard 4 brief and not by motion).

Defendant makes the meritless request that this Court consider several exhibits evincing the need for an evidentiary hearing. These exhibits include: (1) a March 30, 2020 decision by the labor arbitration tribunal; (2) defendant's polygraph report; and (3) defendant's affidavit. A defendant may be entitled to withdraw his or her plea when the defendant presents "credible evidence that the plea was the product of fraud, duress, or coercion." *People v Patmore*, 264 Mich App 139, 152; 693 NW2d 385 (2004) (quotation marks and citation omitted). And, "a trial court is generally barred at the evidentiary hearing from considering testimony or affidavits inconsistent with statements made during the plea hearing." *People v Samuels*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 353302); slip op at 5 (quotations marks and citation omitted). "However, guilty pleas may be withdrawn on the basis of promises of leniency if the record contains some support for the defendant's claim, other than the defendant's postconviction allegation." *People v Jackson*, 203 Mich App 607, 612-613; 513 NW2d 206 (1994) (quotation marks and citation omitted).

It appears that defendant believes that this Court should consider the factual value of this evidence as an indication that defendant's plea was involuntarily made. In light of this evidence, defendant asks this Court to remand to the district court for an evidentiary hearing. Defendant confuses the role of this Court. This Court's function is not to act as fact-finder, see, e.g., *People v Bulmer*, 256 Mich App 33, 36; 662 NW2d 117 (2003), and this Court may not consider an expanded record on appeal, *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). Even if this Court were inclined to remand the case for an evidentiary hearing, defendant waived the opportunity for an evidentiary hearing by failing to request it in the first instance, as discussed above. Therefore, defendant's attempt to have this Court consider an expanded record as a basis to remand lacks merit.

In the absence of an evidentiary hearing, the next question is whether there is evidence apparent from the record demonstrating that defendant was denied effective assistance of counsel. *Mack*, 265 Mich App at 125. Defendant's motion to withdraw his plea argued that his plea was not "knowingly, voluntarily, or intelligently" made because defendant was under the false impression he would receive a delayed sentence under MCL 771.1. According to defendant, he "was assured by his attorney that he would receive a delayed sentence under MCL 771.1," and defense counsel "conveyed this to the prosecutor and to [the district court]." The problem with defendant's argument is there is no actual record suggesting defense counsel "assured" defendant of the delayed sentence, or that this assurance was relayed to the prosecutor or the district court. At the sentencing hearing, the prosecutor stated: "The only indication that we had was that this could not be held under [MCL] 771.1[,] that this was a plea that must remain." While this statement suggests that the parties had ex parte discussions about the *possibility* of a delayed sentence under MCL 771.1, it does not show defendant was "assured" a delayed sentence. Moreover, the box on the plea form for MCL 771.1 was left unchecked, and defendant signed this form.

The first part of a claim of ineffective assistance of counsel requires a defendant to show "counsel's performance fell below an objective standard of reasonableness[.]" *Trakhtenberg*, 493 Mich at 51. There is simply nothing in this record demonstrating that defense counsel's actions fell below an objective standard of reasonableness such that defendant's plea was not "understanding, voluntary, and accurate." MCR 6.302(A). Indeed, the facts show that defendant was provided an advice of rights, which he signed, and confirmed to the district court he understood. He assured the district court that his no-contest plea was made freely and voluntarily. Moreover, at sentencing, the prosecution indicated defendant would not receive a delayed sentence under MCL 771.1, and defendant did not object. Because our review is limited to mistakes apparent from the record, *Mack*, 265 Mich App at 125, and there was no mistake in this record regarding promises made to defendant by his counsel that would give rise to ineffective assistance, the circuit court correctly concluded that the district court abused its discretion in granting defendant's motion to withdraw the plea.[2]

## 2. OUTSIDE PROMISES

Defendant next argues that the circuit court erred in reversing the district court's order because the district court failed to ask defendant during the plea hearing whether anyone promised him anything beyond what is in the plea agreement. MCR 6.302(A) states, in part: "The court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate." In the context of plea agreements, the trial court must ask a defendant about the nature of the plea agreement to determine whether a plea is voluntary. MCR 6.302(C)(4). Specifically, "[t]he court must ask the defendant . . . whether anyone has promised anything beyond what is in the plea agreement." MCR 6.302(C)(4)(a).

The district court did not ask defendant whether anyone made a promise outside the plea agreement. This was an error given MCR 6.302(C)(4)(a) states a court "must" ask a defendant this question. See, e.g., *People v Fosnaugh*, 248 Mich App 444, 449; 639 NW2d 587 (2001) ("[T]he word 'must' is mandatory language . . . ."). However, defendant raised this issue for the first time in his appeal to this Court. This appeal is the third opportunity defendant had to raise this issue. Defendant did not argue this issue in either his motion to withdraw his plea or in response to the prosecution's appeal to the circuit court. Because defendant failed to make this argument in either of the lower courts, defendant waived this issue, and we decline to consider it now. *Szalma*, 487 Mich at 726.

---

[2] In a footnote in his brief on appeal, defendant makes a passing remark suggesting defense counsel was ineffective by failing to ask the *circuit court* for an evidentiary hearing. Aside from a quotation from the United States Supreme Court case, *Evitts v Lucey*, 469 US 387, 396; 105 S Ct 830; 83 L Ed 2d 821 (1985), stating due process includes the right to effective assistance of counsel, defendant offers no argument or explanation regarding the effectiveness of counsel in the circuit court. Thus, any argument with respect to counsel's effectiveness in the circuit court is abandoned for appellate review. *People v Van Tubbergen*, 249 Mich App 354, 365; 642 NW2d 368 (2002) ("Issues insufficiently briefed are deemed abandoned on appeal.").

Affirmed.

          /s/ Kathleen Jansen
          /s/ Colleen A. O'Brien